UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DANIEL L. DUMONDE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 07-00715(JR) |
| ) | |
| JEFFERSON COUNTY, ALABAMA; ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS

**COME NOW** defendants District Attorney David Barber (hereinafter "D.A. Barber") and Sheriff Mike Hale (hereinafter "Sheriff Hale"), Lieutenant Paul Logan ("Lt. Logan"), and Lieutenant V.W. Tice[1] ("Lt. Tice") (collectively the "Office of Sheriff defendants"), by and through Attorney General Troy King, via undersigned counsel, and move this Honorable Court to dismiss each and every claim asserted by plaintiff Daniel L. DuMonde ("Mr. DuMonde") against the defendants as this Court lacks subject-matter jurisdiction and personal jurisdiction over the defendants as provided by Fed. R. Civ. P. 12(b)(1) and 12(b)(2) respectively. In support of this motion, the defendants state as follows: (1) the defendants are entitled to Eleventh Amendment immunity, and thus, this Court lacks subject-matter jurisdiction over the defendants; and (2) the claims asserted against the defendants are essentially claims against the State of Alabama, and thus, this Court lacks personal jurisdiction over the defendants. The defendants support this motion with the complaint and their accompanying Brief in Support of Motion to Dismiss.

---

[1] Lt. Tice was promoted to his current rank of lieutenant on June 7, 2006.

                Respectfully submitted,


                /s/ J. MATT BLEDSOE
                J. MATT BLEDSOE
                Assistant Attorney General
                Counsel for Defendants

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7443
(334) 242-2433 (fax)
mbledsoe@ago.state.al.us

CERTIFICATE OF SERVICE

      I hereby certify that I have, on this the 24th day of May, 2007, served a copy of the foregoing on the following parties, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Daniel L. DuMonde
#21609-001, Mobile B
FPO Maxwell Air Force Base
Montgomery, AL  36112

Michael Billingsley, Esq.
Assistant US Attorney
1801 Fourth Avenue N
Birmingham, AL  35203

Honorable Anderson R. Lanier, III
Eleventh Circuit Court of Appeals
56 Forsyth Street, NW
Atlanta, GA  30303

Honorable Sharon Lovelace
US District Court Judge
1729 5th Avenue N
Birmingham, AL  35203

Honorable Joel Dubina
Eleventh Circuit Court of Appeals
56 Forsyth Street NW
Atlanta, GA  30303

John Felton, Esq.
Assistant US Attorney
1801 Fourth Avenue N
Birmingham, AL  35203

Alberto Gonzales, Esq.
US Attorney General
10th & Constitution Avenue NW
Washington, DC  20530

Agent Phil Holley
US Secret Service
15 S. 20th Street, Suite 1125
Birmingham, AL  35233

Alice Martin, Esq.
US Attorney
1801 Fourth Avenue N
Birmingham, AL  35203

Honorable Gerald Tjoflat
Eleventh Circuit Court of Appeals
56 Forsyth Street NW
Atlanta, GA  30303

Marshal Gail Weiss
US Marshal's Office
1927 5th Avenue N
Birmingham, AL  35203

      /s/  J. MATT BLEDSOE
        OF COUNSEL

Honorable Rosemary Barkett
Eleventh Circuit Court of Appeals
56 Forsyth Street NW
Atlanta, GA  30303

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL L. DUMONDE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 07-00715(JR) |
| JEFFERSON COUNTY, ALABAMA; ET AL., | ) |
| Defendants. | ) |

### BRIEF IN SUPPORT OF MOTION TO DISMISS

**COME NOW** defendants District Attorney David Barber ("D.A. Barber"), and Sheriff Mike Hale ("Sheriff Hale"), Lieutenant Paul Logan ("Lt. Logan"), and Lieutenant V.W. Tice[1] ("Lt. Tice") (collectively the "Office of Sheriff defendants"), by and through Attorney General Troy King, via undersigned counsel, and move this Honorable Court to dismiss each and every claim asserted by plaintiff Daniel L. DuMonde ("Mr. DuMonde") against all defendants as this Court lacks subject-matter jurisdiction and personal jurisdiction over the defendants as provided by Fed. R. Civ. P. 12(b)(1) and 12(b)(2) respectively, and in support thereof, the defendants state as follows:

**I.   INTRODUCTION**

On April 19, 2007, Mr. DuMonde sued the defendants for alleged actions taken in their official capacities. Pursuant to 18 U.S.C. § 1961 et seq., Mr. DuMonde alleges that D.A. Barber

---

[1] Lt. Tice was promoted to his current rank of lieutenant on June 7, 2006.

and the Office of Sheriff defendants, and numerous others, conspired to injure him.[2]  Mr. DuMonde seeks only monetary damages against D.A. Barber and the Office of Sheriff defendants.

## II.    STANDARD OF REVIEW

A defendant may move to dismiss a complaint because the court lacks jurisdiction over the subject matter.  Fed. R. Civ. P. 12(b)(1).  A motion to dismiss based on Rule 12(b)(1) must be granted when the action:

> (1) does not arise under the federal Constitution, law, or treaties, or fall within one of the other enumerated categories of Article III, Section 2 of the United States Constitution; (2) is not a case or controversy within the meaning of that Section; or (3) the cause is not one described by any jurisdictional statute.

Collins v. Dep't of Interior, 468 F.Supp. 2d 113, 115-16 (D.D.C. 2006) (citing Baker v. Carr, 369 U.S. 186 (1962)).

A defendant may move to dismiss a complaint because the court lacks jurisdiction over the person.  Fed. R. Civ. P. 12(b)(2).  Subsequent to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction.  Moore v. Motz, 437 F.Supp.2d 88, 90-91 (D.D.C. 2006).  Additionally, the "[p]laintiff must allege specific facts on which personal jurisdiction can be based; it cannot rely on conclusory allegations."  Id. at 91 (citing GTE New Media Servs., Inc. v. Ameritech Corp., 21 F.Supp.2d 27, 36 (D.D.C. 1998)).

## III.   ARGUMENT

As previously set out, Mr. DuMonde commenced the above-styled cause against a litany of parties, including judges, state and federal prosecutors, and law enforcement personnel.  [Court

---

[2] Mr. DuMonde has asserted similar theories of conspiracy by D.A. Barber and the Office of Sheriff defendants in the following cases:  CR-04-B-0176-S, CV-04-570-KOB-RRA, and CV-05-0721-SLB-RRA.

2

Doc. #1.] Each and every allegation asserted against D.A. Barber and the Office of Sheriff defendants is premised on D.A. Barber and the Office of Sheriff defendants' conduct while acting in their official capacities. On the face of his complaint, Mr. DuMonde seeks only monetary damages. It is well-established that D.A. Barber and the Office of Sheriff defendants are entitled to Eleventh Amendment immunity against claims in their official capacities, McMillian v. Monroe County, 520 U.S. 781, 793 (1997). Mr. DuMonde's Racketeer Influenced and Corrupt Organization ("RICO") claim asserted in the complaint against D.A. Barber and the Office of Sheriff defendants in their official capacities must be dismissed as this court lacks jurisdiction over the subject matter. Additionally, the claims against D.A. Barber and the Office of Sheriff defendants are claims against the State of Alabama and the long-arm statute for the District of Columbia does not provide for personal jurisdiction over a state. See Moore above. This Court lacks personal jurisdiction over the Office of Sheriff defendants.

  A. **Defendant D. A. Barber Is Entitled Prosecutorial Immunity.**

  Mr. DuMonde's claims against defendant D.A. Barber regard his actions in prosecuting a criminal case against Mr. DuMonde. Mr. DuMonde alleges that D.A. Barber conspired to "kidnap" the plaintiff. [Court Doc. #1, p. 6.] D.A. Barber was acting at all times in his official capacity as a prosecutor for the State of Alabama. In his capacity as a prosecutor, defendant D.A. Barber is absolutely immune from suit.

  The Alabama Supreme Court has followed the United States Supreme Court in ruling that a state prosecutor is absolutely immune from civil damages for actions taken within the scope of his duties, such as initiating and pursuing criminal prosecution and presenting the State's case. Almon v. Gibbs, 548 So.2d 18, 20 (Ala. 1989). The necessity of prosecutorial immunity is explained as follows:

3

> "'A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages… Further, if the prosecutor could be made to answer in court each time … a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law.'"

Jones v. Benton, 373 So.2d 307, 309 (Ala. 1979), quoting Imbler v. Pactman, 424 U.S. 409, 424-25 (1976). The Alabama Supreme Court has further explained the depth of this immunity in stating that, "'the prosecuting attorney is, as a matter of public policy, immune from civil liability for acts done in his official capacity, and this is true even though he acted willfully or maliciously, where he has acted in the proper performance of his duties.'" Jones, 373 So.2d at 309-10, quoting, 63 Am.Jur.2d, Prosecuting Attorneys, § 34.

Mr. DuMonde's burden in defeating a Motion to Dismiss based upon prosecutorial immunity is great. Mr. DuMonde's complaint must allege specific facts showing that the prosecutor acted outside the scope of his immunity. "[A]bsolute immunity would not be absolute if it did not support a motion to dismiss. To hold otherwise would subject the prosecutor to numerous vexatious summary judgment proceedings and would undercut the very foundation for this rule." Bogle v. Galanos, 503 So.2d 1217, 1219 (Ala.1987).

State and federal cases have established the broad nature of prosecutorial immunity. In Imbler, above, the United States Supreme Court granted prosecutorial immunity despite allegations that the defendant prosecutor intentionally used false testimony and suppressed material evidence at trial. Immunity has also been extended to prosecutors that failed to investigate, filed charges without having jurisdiction, offered perjured testimony, suppressed exculpatory evidence, and threatened the defendant with further criminal prosecution. Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir. 1979). In Bogle, above, the Alabama Supreme Court held

that the defendant District Attorney was immune for claims of false arrest, malicious prosecution, false imprisonment, and deprivation of civil rights. Immunity has also been upheld for claims alleging a district attorney failed to properly investigate and properly prosecute actions. Jones, at 309-10.

Mr. DuMonde's complaint cannot withstand D.A. Barber's claim of immunity. The conspiracy claim relates to D.A. Barber's official actions in the course of initiating and pursuing criminal prosecution for the State. See Almon, supra. D.A. Barber is immune from suit because the claims against him relate to his prosecutorial functions. Mr. DuMonde has not alleged a specific claim that would indicate that D.A. Barber acted outside the scope of the absolute prosecutorial immunity. D.A. Barber is entitled to absolute prosecutorial immunity and the claims against him must be dismissed.

**B.    The Office of Sheriff Defendants Are Entitled To Eleventh Amendment Immunity.**

The Eleventh Amendment of the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Although the Eleventh Amendment does not specifically bar lawsuits against a State by its citizens, the United States Supreme Court has held that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States; and thus, an unconsenting State is immune from suits brought in federal court by the State's own citizens. See Nevada Dep't of Human Res. v. Hibbs, 538 U.S. 721, 726 (2003); Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Kimel v. Florida Bd. of Regents, 528 U.S. 62, 72-73 (2000); College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 669-670 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v.

Louisiana, 134 U.S. 1, 15 (1890). In order for this Honorable Court to determine whether D.A. Barber and the Office of Sheriff defendants are entitled to Eleventh Amendment immunity, this Court must consider Alabama law. See Regents of the Univ. of California v. Doe, 519 U.S. 425, 429-30 (1997) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)).

Article V, section 112, Alabama Constitution of 1901, provides: "The executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county." Article I, section 14, Alabama Constitution of 1901, provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." In answering a certified question from the United States Court of Appeals for the Eleventh Circuit, the Alabama Supreme Court held:

> A **sheriff is an executive officer** of the State of Alabama, **who is immune** from suit under Article I, § 14, Alabama Constitution of 1901, **in the execution of the duties of his office**, except for actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

Parker v. Amerson, 519 So.2d 442, 442-43 (Ala. 1987) (emphasis added). "[A] suit against a sheriff is 'essentially a suit against the state' and thus 'not maintainable.'" Id. at 446 (quoting Montiel v. Holcombe, 199 So. 245 (1940)). As a constitutional officer of the State of Alabama, Sheriff Hale is immune from being sued for the execution of the duties of his office pursuant to Article I, section 14. Ex parte Haralson, 871 So.2d 802, 805 (Ala. 2003) (citing Parker, 519 So.2d at 443). Furthermore, the Alabama Supreme Court has held that monetary damages are barred against the Sheriff: "A complaint seeking money damages against a State employee in his

6

or her official capacity is considered a complaint against the State, and such a complaint is barred by Art. I, § 14, Alabama Constitution of 1901." Ex parte Butts, 775 So.2d 173, 177 (Ala. 2000). It is well established that Alabama sheriffs are considered "arms of the State" when engaged in law enforcement activities. McMillian v. Monroe County, 520 U.S. 781, 793 (1997). Thus, Alabama sheriffs are entitled to Eleventh Amendment sovereign and/or state immunity when sued in an official capacity for money damages.

The Alabama Supreme Court has extended sovereign immunity bestowed upon a sheriff to his deputies because "[t]he deputy sheriff is the alter ego of the sheriff." Ex parte Haralson, 871 So.2d at 805 (quoting Hereford v. Jefferson County, 586 So. 2d 209, 210 (Ala. 1991)). Moreover, a "deputy sheriff is afforded the same immunity from suit as a sheriff in regard to claims for monetary damages stemming from activities performed while working in the line and scope of his or her employment." Ex parte Purvis, 689 So.2d 794, 796 (Ala. 1996). Therefore, because the suit against Lt. Logan and Lt. Tice is essentially a suit against the State of Alabama, Lt. Logan and Lt. Tice are entitled to Eleventh Amendment sovereign and/or state immunity

Two exceptions to Eleventh Amendment sovereign and/or state immunity have been recognized:

> Congress may abrogate state sovereign immunity through a legitimate exercise of its Fourteenth Amendment, section five, enforcement powers. Alden v. Maine, 527 U.S. 706, 756, 119 S. Ct. 2240, 2267, (1999). States can also waive their sovereign immunity, but "we will find waiver only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." Edelman, 415 U.S. at 673.

Ali v. District of Columbia, 278 F.3d 1, 6 (D.C. Cir. 2002). In order for Congress to abrogate the Eleventh Amendment immunity of a state, the intent to abrogate such immunity by Congress must be "unmistakably clear in the language of the statute." Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000) (quoting Dellmuth v. Muth, 491 U.S. 223, 228 (1989) (quoting

7

Atascadero State Hospital v. Scanlon, 473 U.S. 234, 242 (1985)).  The language of the RICO Act, 18 U.S.C. § 1961, et seq., does not indicate and/or evidence any intent by Congress to abrogate the Eleventh Amendment sovereign immunity of a state.  See Productions & Leasing v. Hotel Conquistador, Inc., 573 F.Supp. 717, 720 (D. Nev. 1982) (Legislative history and statutory language of the RICO Act do not indicate that Congress intended to abrogate Eleventh Amendment immunity); Chaz Construction, LLC v. Codell, 137 Fed. Appx. 735, 743 (6th Cir. 2005) (Congress did not indicate its intent to abrogate state sovereign immunity pursuant to the RICO Act).  In regard to the second exception to Eleventh Amendment immunity, Alabama has not waived its immunity:

> The state of Alabama has not waived its immunity.  Free v. Granger, 887 F.2d 1552, 1557 (11th Cir.1989); Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989).  Article 1, section 14 of the Alabama Constitution of 1901 expressly states that "the State of Alabama shall never be made a defendant in any court of law or equity."

Carr v. City of Florence, Alabama, 916 F.2d 1521 (11th Cir. 1990).  Therefore, because Congress has not abrogated Eleventh Amendment immunity of the states as applied to the RICO Act, and because Alabama has clearly and unequivocally not waived its sovereign immunity, D.A. Barber and the Office of Sheriff defendants are entitled to Eleventh Amendment immunity and the claims against them should be dismissed.

      **C.**   **This Court Lacks Personal Jurisdiction Over the Defendants.**

In addition to this Court lacking subject-matter jurisdiction, this Court also lacks personal jurisdiction over D.A. Barber and the Office of Sheriff Defendants.  This Court may exercise personal jurisdiction over D.A. Barber and the Office of Sheriff defendants to the extent authorized by the District of Columbia long-arm statute.  See United States v. Ferrara, 54 F.3d

825, 828 (D.C. Cir. 1995). The District of Columbia's long-arm statute provides in pertinent part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's -
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>
> (5) having an interest in, using, or possessing real property in the District of Columbia;
>
> (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing[.]

D.C. Code § 13-423 (1981). Mr. DuMonde's claims against the defendants are claims against the State of Alabama. The District of Columbia long-arm statute does not authorize jurisdiction over the defendants: "The District of Columbia long-arm statute ***does not authorize*** personal jurisdiction ***over state governments***, because ***states are not 'persons'*** within the meaning of the statute." Moore, 437 F.Supp.2d at 94 (citing Ferrara, 54 F.3d at 831-32) (emphasis added). The District of Columbia's long-arm statute does not authorize this Court to exercise personal jurisdiction over the defendants. This Court must dismiss Mr. DuMonde's claims asserted against the defendants.

**D.   The Claims Against Defendants Are Barred by the Statute of Limitations.**

Although Mr. DuMonde's Complaint alleges defendants violated the RICO Act, his claims are essentially 42 U.S.C. section 1983 claims. To the extent that Mr. DuMonde's claims are advanced under § 1983, they are time barred by the statute of limitations. The statute of limitations for a section 1983 action in Alabama is two years. See Eubank v. Leslie, 2006 WL 3627005 (11th Cir. (Ala.)). Mr. DuMonde alleges in his complaint that on or about October 2002, he was kidnapped/arrested. [Court Doc. #1, p. 1.] Mr. DuMonde alleges that defendants conspired with others to kidnap him. [Court Doc. #1, p. 6.] The alleged conspiracy involving defendants, therefore, took place on or before October 2003. [Court Doc. #1, p. 1.] Mr. DuMonde filed this action on May 4, 2007, alleging that his constitutional rights were violated. More than three years have elapsed since the alleged kidnapping/arrest took place. The claim is barred by the statute of limitations.

**E.   Mr. DuMonde Failed to State a Claim against Defendants Upon Which Relief Can Be Granted.**

A federal court has held that a plaintiff must do more than allege conclusory facts based upon information and belief in order to support claims of conspiracy. See Fullman v. Graddick, 739 F.2d. 553, 559 (11th Cir. 1984) (holding that allegations based on "information and belief" were not enough to support claims that a prosecutor made false statements to the press and ordered and participated in a warrantless search of plaintiff's trash). The Alabama Supreme Court has found that conspiracy averments in a complaint must exceed bald speculation. Ex parte Rendel, 2006 WL 625835 (March 2, 2007). The plaintiff makes no specific allegations whatsoever in regard to defendants in this action. Mr. DuMonde's allegations regarding the defendants do not state a sufficient claim upon which relief can be granted.

**IV.    CONCLUSION**

      D.A. Barber and the Office of Sheriff defendants are entitled to Eleventh Amendment immunity from suit in their official capacities because Mr. DuMonde's action seeks monetary damages only.  Additionally, as Mr. DuMonde's claims are essentially against the State of Alabama, the District of Columbia long-arm statute does not provide this Court with jurisdiction over D.A. Barber and the Office of Sheriff defendants.  This action is also time barred by the statute of limitations. Because this Court lacks subject-matter jurisdiction and personal jurisdiction over D.A. Barber and the Office of Sheriff defendants, D.A. Barber and the Office of Sheriff defendants respectfully request this Honorable Court to dismiss, with prejudice, each and every claim asserted against them by Mr. DuMonde.

      Respectfully submitted,

       /s/  J. MATT BLEDSOE
      J. MATT BLEDSOE
      Assistant Attorney General
      Counsel for Defendant D. A. Barber
       & Office of Sheriff Defendants

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7443
(334) 242-2433 (fax)
mbledsoe@ago.state.al.us

CERTIFICATE OF SERVICE

      I hereby certify that I have, on this the 24th day of May, 2007, served a copy of the foregoing on the following parties, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Daniel L. DuMonde  
#21609-001, Mobile B  
FPO Maxwell Air Force Base  
Montgomery, AL  36112

Alberto Gonzales, Esq.  
US Attorney General  
10th & Constitution Avenue NW  
Washington, DC  20530

Honorable Anderson R. Lanier, III  
Eleventh Circuit Court of Appeals  
56 Forsyth Street, NW  
Atlanta, GA  30303

Agent Phil Holley  
US Secret Service  
15 S. 20th Street, Suite 1125  
Birmingham, AL  35233

Michael Billingsley, Esq.  
Assistant US Attorney  
1801 Fourth Avenue N  
Birmingham, AL  35203

Alice Martin, Esq.  
US Attorney  
1801 Fourth Avenue N  
Birmingham, AL  35203

Honorable Sharon Lovelace  
US District Court Judge  
1729 5th Avenue N  
Birmingham, AL  35203

Honorable Gerald Tjoflat  
Eleventh Circuit Court of Appeals  
56 Forsyth Street NW  
Atlanta, GA  30303

Honorable Joel Dubina  
Eleventh Circuit Court of Appeals  
56 Forsyth Street NW  
Atlanta, GA  30303

Marshal Gail Weiss  
US Marshal's Office  
1927 5th Avenue N  
Birmingham, AL  35203

John Felton, Esq.  
Assistant US Attorney  
1801 Fourth Avenue N  
Birmingham, AL  35203

Honorable Rosemary Barkett  
Eleventh Circuit Court of Appeals  
56 Forsyth Street NW  
Atlanta, GA  30303

      /s/  J. MATT BLEDSOE  
      OF COUNSEL