ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL L. DUMONDE,            *
            Plaintiff,        *
                              *
V.                            *      CASE    No. 07-cv-00715-JR.
                              *
JEFFERSON COUNTY, ALABAMA,    *
-ET.AL.,                      *
            Defendants.       *

RECEIVED
JUN 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### PLAINTIFF'S OBJECTIONS TO MOTION TO DISMISS

COMES NOW THE PLAINTIFF, DANIEL L. DUMONDE, Pro-se, and posits with this Honorable Court his **Objections** to Defendant's -Motion to Dismiss and "Brief in Support", and to further clarify his claims where defendants have construed them otherwise. And in Rebuttal, as follows:

The Office of The Attorney General of The State of Alabama has- appeared to represent Defendants as State Agents, asserting Immunity and moving for dismissal by **Fed.R.Civ P. 12(b)(1) and -12(b)(2)**, while failing to dispute the factual allegations. Each named defendant has both acted outside the scope of his respective office and with criminal intent acted in a manner grossly abusing the lawful powers of that office.

Specifically Plaintiff complains defendants Seized him from- his Home using Fraudulent and Fictitious Instruments purporting to be "State Arrest Warrant" and "Probable Cause Affidavit", and subsequently held for Ransom. When Plaintiff demanded Production of these **PHONY** Instruments, inter alia, by State Habeas Corpus,- Defendant D.A. Barber Refused to Make Return proving lawful-

(PAGE ONE)

--the (so-called)-"Arrest". Alabama Code,1975, Statute Section -**§15-21-17-** REQUIRES <u>ORIGINAL DETAINING WARRANT TO BE PRODUCED WITH RETURN TO HABEAS CORPUS</u>. <u>Then, as now</u>-D.A. Barber could not produce any lawful Warrant, the ONLY WARRANT BEING **A** <u>FICTION OF- LAW</u>. When Plaintiff, as State Detainee, then Appealed the Writ to The Alabama Court of Criminal Appeals, <u>Barber then illegally transferred Plaintiff</u> to <u>Elude Effect of The writ</u>, in violation of ALabama Code-**§15-21-11**, which provides <u>Fine and Imprisonment for</u> :

> "Whoever"-having under his control any person for whose relief a Writ of Habeas Corpus shall have been duly issued, with the **intent to avoid the effect thereof**"... <u>Ala. §15-21-11</u>.

Barber then chose to **Conspire with his former Deputy D.A.-** who had become **Assistant U.S. Attorney, <u>John Bradley Felton</u>,** and together and with others, did agree together to <u>invoke Federal Jurisdiction by Artifice and Scheme</u>, to THE SAME-(BAD)- FACTS, to avoid effect of the Writ while protecting the Enterprise Jefferson County, Alabama Sheriff's Dept. from criminal and civil liability. In so acting, <u>**COMMITTED FRAUD UPON THE U.S. DISTRICT COURT AT BIRMINGHAM, AL.**</u>, there making materially False, Fraudulent Representations, in violation, inter alia, of <u>Title 18,§1001</u>, while submitting the <u>FICTITIOUS- DOCUMENTS PURPORTING AS "ARREST WARRANT" AND "PROBABLE CAUSE AFFIDAVIT" -ON THE RECORD OF THAT COURT AS LEGITIMATE</u>.

## DISCUSSION AND ARGUMENT

The **Defendant's Attorney insists** here that this Court does not have **Subject Matter** or **Personal Jurisdiction** of defendants, and has the **temerity to claim D.A. BARBER,et.al., enjoy** <u>Absolute -Immunity</u> by position of thier Office, from civil liability of State and **Federal Crimes**.

Here, the **DEFENDANTS DO NOT DENY PLAINTIFF'S CLAIMS OF VIOLATIONS OF SERIOUS FEDERAL CRIMES IN FURTHERANCE OF R.I.C.O.-CONSPIRACY**, and Plaintiff -OBJECTS that "Motion to Dismiss" is not an answer to Plaintiff's Complaint. In absence of Answer, Plaintiff's claims should be presumed true, by the **tacit procuration of defendants**.

A. **PROSECUTORIAL IMMUNITY of D.A. BARBER.**

The limits of prosecutorial Immunity are set out in **HILLIARD -V. WILLIAMS**, 465 F 2d 1212, (1972), Headnotes **3**, and **4**:

> [3] It is well settled that a prosecuting attorney, when acting in his official capacity is immune from suit for damages, **provided his acts are within the scope of his jurisdiction and authorized by Law**". Peek v.Mitchell, 419 F. 2d 575, 578 (6th Cir.1970); Hurlbert v. Graham, 323 F 2d 723,725 (6th Cir.1963); Kenny v. Fox, 232 F 2d 288,290 (6th Cir.1956); See also Kaufman v. Moss, 420 F 2d 1270,(3rd Cir.1970).
>                                          -(Emphasis Added)
>
> [4] However, the **immunity of a prosecuting attorney from civil damages is not absolute**:
>
>   "[A] quasi-judicial officer, such as a prosecuting attorney, **who acts outside the scope of his jurisdiction and without authorization of law**, cannot shelter himself from liability by the plea that he is acting under color of office".
> **LEWIS V. BRAUTIGAM**, 227 F 2d 124,129, (5th Cir.,1955).

The defendants have **redundantly** cited case law showing the -Immunity of thier Office: **Almons v. Gibbs**, 548 S. 2d 18,20,(Ala.1989); **Jones v. Benton** 373 So 2d 307,309,(Ala.1979)- (quoting **Imbler v. Pachman** 424 U.S. 409,424-25,(1976),**ETC. NONE of the laws cited by defendants are in conflict with** holdings in **HILLIARD,Supra,** where immunity is there **ONLY WHEN-**

--ACTING WITHIN "THE SCOPE OF THIER DUTIES".

Plaintiff Submits that **D.A. BARBER**, and co-conspirators were not acting in any "**Official Capacity**" representing the State of Alabama's laws when defendant **BARBER** did not have <u>**ANY JURISDICTION BASED ON FICTITIOUS AND FRAUDULENT INSTRUMENTS, DID NOT PROSECUTE PLAINTIFF**</u>, But, PROCEEDED TO MAKE PERSONAL-DECISIONS TO BREAK THE LAW HE WAS SWORN TO UPHOLD FOR THE EXPRESS PURPOSE OF CONCEALING THE FACT THAT THE LAW HAD ALREADY BEEN BROKEN BY THE <u>**MANUFACTURE OF FRAUDULENT ARREST WARRANT-DOCUMENTS: -BARBER CANNOT CLAIM IMMUNITY FROM HIS ILLEGAL-ACTS.**</u>

**B. <u>OFFICE OF SHERIFF IS NOT ENTITLED TO "ELEVENTH AMENDMENT"--IMMUNITY.</u>**

This defendant argument must fail essentially because of the facts above: <u>**These Defendants Never Had Any Jurisidiction or Authority**</u> when the **FRAUDULENT** AND **FICTITIOUS** INSTRUMENTS WERE <u>**MANUFACTURED WITHOUT ANY JUDICIAL PROCESS**</u>.

While the Eleventh Amendment bars suits not only against a State when it is named party, but also when it is the party in fact, **The Supreme Court** held in the seminal case regarding Eleventh Amendment,- <u>**SCHUER V. RHODES,**</u> 416 232, 40 L Ed 2d 90,94, S Ct. 1683, (1974), that: (<u>7</u>.) <u>"The Eleventh Amendment-provides no shield for a State Official confronted by a claim - that he had deprived another of a federal right under color of State Law"</u>. <u>Id</u>. <u>SCHUER</u> at <u>92</u>,

> ...."when a State Officer acts in a manner violative of The Federal Constitution, he <u>comes into conflict with with the Superior Authority of that Constitution,</u> and he is in that case,- <u>stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.</u>The **STATE HAS NO POWER TO IMPART TO HIM ANY IMMUNITY FROM RESPON--SIBILITY TO THE SUPREME AUTHORITY OF THE UNITED STATES**". <u>SCHEUR, Id.</u> at <u>159-160, 52 L Ed. 714</u> quoting <u>Ex-PArte Young.</u>

(PAGE FOUR)

In Conclusion of the Issue of Immunity, The State of Alabama cannot Now clothe it's wrongdoers with Immunity from civil-Damages where they have clearly financially Damaged the Plaintiff while committing State and Federal Crimes, and **The Subject Matter is clearly actionable in this Court under 18-U.S.C. §1962(c), et.seq., R.I.C.O. Statute.**

<u>See</u> also the order of The **Supreme Court** denying application for mandamus and certiorari in **Garrison v. Brown**, 405 U.S. 985, 92 S.Ct. 1253,31 L. Ed 2d 469,(1972), involving an action for **civil damages against District Attorney Jim Garrison** of New Orleans for his prosecution of Clay Shaw on the charge of conspiring to assasinate President John F. Kennedy.

**C. THIS COURT DOES HAVE PERSONAL JURISDICTION OF DEFENDANTS.**

First, as shown above, the State of Alabama cannot clothe it's officials in immunity for criminal behavior or acts outside the scope of thier Jurisdiction or Official Capacity, which gives this Court Personal Jurisdiction.

**MINIMAL CONTACTS**

(1.) The Enterprise "Jefferson County Sheriff Dept.has minimal contacts with The District of Columbia, - **where it transacts business with The District of Columbia by the transportation of Prisoners both to and from The D.C. Area,through the compaq-clause.**

(2.) The U.S. Dept. of Justice is located in The District of Columbia, and regularly processes Arrests and Criminal Prosecutions with "<u>Joint Task Forces</u>" of Both Federal and State of Alabama's Agents.

(3.) Jefferson County, Alabama's Schools Receive Federal Funds.

**(PAGE FIVE)**

**Minimal Contacts**

(4.) At least one defendant in Plaintiff's suit resides and - works in The District of Columbia,-Defendant <u>**ALBERTO GONZALES**</u>, **ATTORNEY GENERAL OF THE UNITED STATES**.

> "Court's jurisdiction over defendant satisfies demands of Due Process when there are minimum contacts between defendant and forum such that maintenance of suit does not offend notions of fair play and substantial Justice".
> <u>U.S. v. FERRARA</u>, 54 F.3d 825,(D.C. Cir. 1995)

Jurisdiction is proper in this venue, as The (Now Cheif)-Judge-<u>**SHARON LOVELACE BLACKBURN**</u>, Northern District of ALabama, at Birmingham, Alabama, is named **DEFENDANT**. Certainly, a conflict of Interest exists, and Plaintiff cannot be expected to obtain Justice in that District of Origin. <u>Extraordinary - Circumstances attend Plaintiff's suit</u>, as his previous suits for civil Rights claims have been **Ruthlessly compromised, unduly dismissed,** and any modicum of <u>**Justice Denied to Plaintiff by the very Defendants in the instant suit**</u>, who are the very persons who would again **(illegally)** dismiss this R.I.C.O. Action, were it in thier Jurisdiction.

To Dismiss this suit from this District would offend traditional notions of fair play and substantial Justice.

D. <u>**ALABAMA STATUTE OF LIMITATIONS IS VOID IN R.I.C.O ACTION.**</u>

The Defendant's lawyer claims that Plaintiff's R.I.C.O.,claims are -"essentially 42 U.S.C. §1983" claims. This is <u>untrue</u>, -<u>**PLAINTIFF IS NOT HERE SUING FOR FALSE ARREST AND IMPRISONMENT. PLAINTIFF IS SUING FOR FINANCIAL LOSS ONLY, THE- STATUTE OF LIMITATIONS ON R.I.C.O ACTIONS IS FOUR YEARS, and this action has been timely filed.**</u>

(PAGE SIX)

### E. PLAINTIFF HAS CLEARLY STATED CLAIM FOR WHICH RELIEF COULD AND- -BE GRANTED.

Contrary to defendants **Non-Sensical Assertions**, there is No-Mistaking that Plaintiff has stated claims for which Relief can be granted. The claims are niether vague nor merely conclusory and are **Ipso-Facto** supported by the records of both documents on file,-and **Not on File** in both the Clerk's Offices of The Jefferson County, Alabama Clerk's Office at Birmingham. AL., in Case No.**DC-03-12747**, and The U.S. District Court at The Northern District of Alabama, in Case No. **CR-04-B-0176-S**.

(1.) To Rebutt Plaintiff's claims, the defendants need only produce legitimate arrest warrant issued by lawful process.

-"**THE BURDEN IS ON THE STATE TO SHOW ARREST WAS LAWFUL**"
   **GRADY V. STATE** (42 Ala. App. 578,172, So 2d 787.

(2.) Instead, the Defendants have **failed to answer, plead or- -defend the factual claims of Plaintiff's complaint.**

(3.) Plaintiff offers defendant's **Non-Response as PROOF OF -GUILT.**

IN CONCLUSION, Plaintiff continues to be financially harmed by by the Defendant's continuing Conspiracy, where he loses monthly **S.S.I. Benefits**, inter alia, property previously lost. All the elements are present in this **R.I.C.O.** Complaint. Defendant's cannot claim immunity from serious State and Federal Crimes, minimal contacts are shown, this Court has both Personal and SUBJECT MATTER JURISDICTION, AND SHOULD NOT BE DISMISSED.

RESPECTFULLY SUBMITTED,

THIS 29 DAY OF MAY, 2007,

By /s/ _____
DANIEL L. DUMONDE, PLAINTIFF

(7.)

## PROOF OF SERVICE

That, I Daniel L. DuMonde, Plaintiff in this civil R.I.C.O action, do herby certify and affirm that I have caused true copy of "PLAINTIFF'S OBJECTIONS TO MOTION TO DISMISS" to be sent by U.S. MAIL POSTPAID, To The Following Parties:

COUNSEL FOR DEFENDANT
D.A. BARBER Office of
Sheriff's Defendants:
J. BLEDSOE
Assistant Attorney General
11 South Union Street
Montgomery, AL 36104

Honorable Anderson R. Lanier, III
Eleventh Circuit Court of Appeals
56 Forsyth Street, NW
Atlanta, GA 30303

Honorable Joel Dubina
Eleventh Circuit Court of Appeals
56 Forsyth Street NW
Atlanta, GA 30303

Alberto Gonzales, Esq.
US Attorney General
10th & Constitution Avenue NW
Washington, DC 20530

Alice Martin, Esq.
US Attorney
1801 Fourth Avenue N
Birmingham, AL 35203

Marshal Gail Weiss
US Marshal's Office
1729 5th Avenue N
Birmingham, AL 35203

Honorable Rosemary Barkett
Eleventh Circuit Court of Appeals
56 Forsyth Street NW
Atlanta, GA 30303

Michael Billingsley, Esq.
Assistant US Attorney
1801 Fourth Avenue N
Birmingham, AL 35203

Honorable Sharon Lovelace
US District Court Judge
1729 5th Avenue N
Birmingham, AL 35203

John Felton, Esq.
Assistant US Attorney
1801 Fourth Avenue N
Birmingham, AL 35203

Agent Phil Holley
US Secret Service
15 S. 20th Street, Suite 1125
Birmingham, AL 35233

Honorable Gerald Tjoflat
Eleventh Circuit Court of Appeals
56 Forsyth Street NW
Atlanta, GA 30303

So Sworn by Title 28 USC §1746,
THIS 29 DAY OF MAY, 2007,

By- /s/ [signature]
DANIEL L. DUMONDE, PLAINTIFF
#21609-001, MOBILE-B
FPC MAXWELL A.F.B.
MONTGOMERY, ALABAMA, 36112
                    -PRO-SE

(PAGE EIGHT)