UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL L. DUMONDE,                  :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :   Civil Action No. 07-0715 (JR)
                                    :
JEFFERSON COUNTY ALABAMA, *et       :
al.*,                               :
                                    :
        Defendants.                 :

## MEMORANDUM

Four of the 16 defendants named (and served) in this *pro se* action, brought purportedly under the RICO statute by a federal prisoner currently housed at FCP Maxwell Air Force Base Montgomery, Alabama, have moved to dismiss for lack of subject-matter jurisdiction and for lack of personal jurisdiction. None of these four defendants resides or is found in the District of Columbia, and none of the provisions of the District of Columbia's long-arm statute even remotely applies to any of them. Plaintiff asserts -- creatively, if erroneously -- that the Jefferson County Sheriff's Department has minimal contacts with the District of Columbia because it transports prisoners both to and from the D.C. area and that Jefferson County Alabama schools receive federal funds, even if the State of Alabama and its agencies only occasionally have business here. Defendants are correct, however, in arguing, [2-2] at 9, that the District of Columbia's long-arm statute does not authorize personal

jurisdiction over state governments. <u>U.S. v. Ferrara</u>, 54 F.3d 825 at 831-32 (D.C. Cir. 1995).

It is unnecessary to reach these defendants' arguments about immunity, because there is no personal jurisdiction, and the accompanying order accordingly dismisses plaintiffs claims as to them.

What remains to be decided is whether this case should be allowed to proceed to the point where the other defendants -- including four federal circuit judges, a federal district judge, the Attorney General of the United States, a United States attorney and two of her assistants, a Secret Service agent, and (apparently) a private citizen of Birmingham -- must arrange for counsel and respond to plaintiff's facially frivolous complaint. Of the remaining named defendants, only one, the Attorney General of the United States, has any connection with the District of Columbia, to the knowledge of the undersigned judge (knowledge that, for these purposes, may be taken as judicial notice). It is hard to read plaintiff's complaint, which confuses the eye with underlining, bold face letters and capital letters, but I have tried and find no allegations of any kind against the Attorney General.

JAMES ROBERTSON
United States District Judge