ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

DANIEL L. DUMONDE,

        Plaintiff,         *

                      *

V.                           *    CASE No. 07-cv-0715-JR

JEFFERSON COUNTY, ALABAMA,   *

Et. AL.,                     *

        Defendants,          *    **RECEIVED**

-&-                          *    JUL  2 2007

SENATOR PATRICK J. LEAHY,    *

SENATOR ARLEN SPECTER,       *    NANCY MAYER WHITTINGTON, CLERK
                                  U.S. DISTRICT COURT

SENATOR CHARLES SCHUMER,     *

SENATOR JOHN KYL ,           *

SENATOR JEFF SESSIONS,       *

       Notified Parties.     *

_____/

## MOTION TO TAKE JUDICIAL NOTICE THAT PLAINTIFF-
## HAS IN FACT BEEN KIDNAPPED UNDER COLOR OF LAW

    COMES NOW THE PLAINTIFF, DANIEL L. DUMONDE, by and through himself in the above referenced civil R.I.C.O. action, and pursuant to RULE 201,(d) requests this Court to take mandatory Notice of facts not subject to reasonable dispute, and which is (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."-Rule 201(b)(2),(d), Fed.Rules Civil Procedure.

    For purposes of this Motion, Plaintiff hereby includes the above named Members of The Congress of The United States Senate Judiciary Committee, parties to be notified, as the named Senators have previously received Copy of Complaint,-

-as this Court has not taken proper notice of this citizen's Extraordinary Circumstances in bringing his civil Complaint, where he has been Ruthlessly Seized, Deprived of Liberty and subjected to Criminal Acts by which he has in fact been Kidnapped under Color of Law, and in flagrant violation by the named defendants in this civil action, of The Fourth, Fifth, Fourteenth, and Eighth Amendments, United States Constituion.

Plaintiff deposes and says, that the claims of his complaint in accordance with the caption of this Motion, are not merely "allegations", but absolute facts for which Proofs Positive Exist, and Plaintiff submits the following facts that cannot be reasonably argued differently:

(1) That the language of The Fourth Amendment is not complex generally known to all Courts of competent Jurisdiction, as much as to the first year law student, in it's plain language provides that (1) particularized warrants shall be issued only upon Probable Cause supported by Oath or Affirmation.

(2) That Plaintiff was Seized from his Home, Oct.23,2003, by The defendants and their Enterprise, Jefferson County, Alabama Sheriff's dept., who did use Fraudulent and Fictitious documents purporting to be legitimate "Arrest Warrant" and "probable Cause" Affidavit. (Complaint Exhibits, "G" &"J").

(3) That the Docket Record of Case No. DC-03-12747, Jefferson-County, Alabama, was provided to Plaintiff by the Clerk of that County Circuit Court, which Shows "No Issuance or Return,,

## FACTS

-of any "Arrest Warrant" or "Probable Cause Affidavit".

(4) At the same time the County Clerk, Anne Marie Adams, sent the Docket Record of that Case showing no Record of any Arrest Warrant, she also provided a letter to Plaintiff, dated Oct -31,2005, and there stated that -"No Arrest Record" is in The Clerk's File.    (Complaint Exhibit-"L")

(5) That Plaintiff Never had any proceedings on any Motion in State of ALabama Case No.DC-03-12747, including duly filed Writ of Habeas Corpus Contesting his Seizure from his Home, as an illegal Arrest.

(6) The District Attorney, Defendant David Barber, did not Prosecute Plaintiff, but only held him on the basis of the Fictiitous Arrest Warrnt and Probable Cause Affidavit, and when Plaintiff contested the legality of the "Arrest" by Habeas Corpus, Defendant D.A. Barber Refused to Answer, Make Return in violation of Alabama Codes §§15-21-17,18, proving that Arrest Lawful.

(7) Plaintiff, as a State Detainee, who had no adjudication of any fact there where he filed NINE MOTIONS, and as recorded on the Docket Summary, No Judicial Review of Any Motion, Plaintiff, as State Detainee-Appealed Ex-Parte Habeas Petition-directly to ALabama Court of Criminal Appeals.

(8) While this "Arrest", actually a SEIZURE CONSTITUTING A-FEDERAL KIDNAPPING, was Appealed, Defendant D.A. Barber allowed Transfer of Custody to Federal Government, same facts,-

-for a single day, in violation of ALabama Code §15-21-31, providing for "fine and Imprisonment" for "Any Person" transfering the custody of another under his control who is entitled to a Writ of Habeas Corpus, and inter alia, in violation of §15-21-28, ALabama Code, 1975.

(9) The Assistant United States Attorney, <u>John Bradley Felton</u>, who received transfer of Custody, was a former Deputy D.A. -employee under Defendant D.A. Barber, who had only recently at that time became A.U.S.A. at Northern District of Alabama.

(10.) That the transfer of custody-while the Ex-Parte State Habeas Petition was simultaneously on Appeal, was accomplished by <u>A.U.S.A. FELTON/U.S. ATTORNEY ALICE H. MARTIN</u>, by use of only a "Subpoena" demanding "Handwriting Samples" be given in <u>Front of Federal Grand Jury</u>, concerning the very same - (Counterfeit Check Facts)-of the State Case, then on Appeal, and without any other Writ,Warrant or Judicial Authority authorizing any transfer. (EXHIBIT-<u>DOC.1</u>, Fed.Subpoena)

(11.) The transfer was only for -a single day-where Plaintiff- was made to appear in presense of Grand Jury while still dressed in his <u>County-"prison Stripe" Jail Uniform and "Leg- Shackles"</u>. Plaintiff was then allowed to give the Handwriting Samples in the Marshals Office away from the Grand Jurors, which was contrary to the purpose of the Subpoena's of giving the Handwriting in front of the Grand Jurors, and the appearance request itself was not legitimate because as to appear there and give Handwriting Samples-<u>without an Expert-Analysi</u>s and Results of the Examination being made-

-and disclosed to the Grand Jurors, would not avail Grand Jurors of Anything. It is then fact there existed another motive for the DIstrict Attorney's Transfer, and his former Employee-A.U.S.A. Felton's demand: for Plaintiff Handwriting Samples-Invoking Federal Jurisdiction to Bad State Facts.

(12.) Plaintiff was casually returned to State Custody at The County Jail afterwards of Giving the Writing Samples.[*1] Two-Days Afterwards of the Forced Appearnce in front of the Fed Grand Jury and the giving of Samples, Plaintiff was Indicted for Forging, Making, Possesing, Uttering a Counterfeit Check, in Violation of Title 18, U.S.C. §513(a). (DOC.2,Fed. Indict.)

(13.) Federal Proceeding commenced April 30, 2004, to the very same facts as was being contested as an illegal arrest by State Writ of Habeas Corpus, which remained simultaneously on Ex-Parte Appeal, through MAY 19, 2004, when The Alabama Court of Criminal Appeals Dismissed The Writ Without Comment or citing reasons, in deference to Federal Prosecution of same facts, The Contested State Arrest, for which was the exact same basis of Federal Cause of Action, went unaddressed.

(EXHIBIT-DOC.3, ALABAMA APPEALS COURT DOC.)

(14.) FORCED TO A FEDERAL TRIAL ON BASIS OF AN UNCONTESTED ILLEGAL STATE ARREST, Plaintiff,(then Federal Defendant), CONTINUED TO DEMAND STATE ARREST WARRANT COPY BE PRODUCED, which were Missing from federal Discovery.

(15.) A.U.S.A. JOHN FELTON, then Produced the State "Arrest-Warrant" and "Probable Cause Affidavit" and Entered these PHONY Documents on The Record of The United States District-

*1. Handwriting Results were all Inconclusive, Grand Jury Never Knew-
-Results of May 18, 2004

-Court at Birmingham, Alabama, in Case No. Cr-04-B-0176, as LEGITIMATE CAUSE FOR STATE ARREST AND PERSONAL JURISDICTION OF PLAINTIFF-(Then Defendant)-BY THE FEDERAL GOVERNMENT.

(SEE ATTACHED EXHIBIT- R-PAGE 8, SEpt.9, 2004,-A.U.S.A.- Entering Exhibits, with Probable Cause Affidavit-Exhibit-"J")

(16). The Affiant of the "Probable Cause Affidavit",(Exhibit- "J"), which was supposedly used to obtain an "Arrest Warrant"- (Exhibit-"G"), was cross -examined by Plaintiff-(Pro-Se Defense) in The District Court, concerning her Affidavit.

(17.) The Affiant, and Victim of the Counterfeit Check Scheme, Ms. Bobbie Jackson, was asked if, as her Probable Casue Affidavit swears, -Appeared in front of a Magistrate or Judge to give that Oath. Affiant Jackson stated that "Not to Her Knowledge" she Had Not Appeared in front of any Judge/magistrate. SEE ATTCHED EXHIBIT-R-PAGE 98, Lines-8-12.

(18.) Affaint/Victim Jackson was asked if she had ever seen - this (then Defendant) before, to which she replied-"NO",-Attached R-PAGE 96, LINES 18-19; Asked if she had any PERSONAL KNOWLEDGE- THAT THIS THEN DEFENDANT WAS INVOLVED, SHE REPLIED-"OH, No, Huh- -uh. and-"I JUST GOT IT ALL FROM AUTHORITIES" R-PAGE 100, LINES- 23,25,(SEPT. 13, 2004, U.S DISTRICT COURT, BIRMINGHAM, ALABAMA).

(19.) Affiant/Victim Jackson was asked, if, as her (supposedly- Sworn)-Affidavit-(EXHIBIT-"J"), says, that this Suspect/defndant came to her House, she Replied:"YOU NEVER CAME UP TO MY HOUSE", Id. R-PAGE 102, LINES 8-10.SEPT.13,2004, (ATTCHED).

(20.) It was then and there Positively Proved that the Probable-

## FACTS

--Cause Affidavit was in clear violation,Ipso-Facto, of The -FOURTH AMENDMENT'S SIMPLE LANGUAGE, and that any "Arrest" with such an Affidavit containing False Content, and the Affiant-Having No PERSONAL KNOWLEDGE OF ANY CRIME HAVING BEEN COMMITTED BY THIS THEN DEFENDANT,-Even if the Warrant Had Been One Issued by Lawful Process-Would Have been An ILLEGAL ARREST.

(21.) That the A.U.S.A. JOHN FELTON -and JUDGE SHARON LOVELACE -BLACKBURN DID PROCEED TO PROSECUTE AND CONDUCT A FEDERAL TRIAL AFTER PROOF POSITIVE BY AFFIANT/VICTIM'S COURT TESTIMONY THAT THE PROBABLE CAUSE AFFIDAVIT WAS COMPLETELY-FALSE, THUS ACTED WITHOUT JURISDICTION IN THE FACE OF THE PLAIN LANGUAGE OF THE FOURTH AMENDMENT, AND OVER AD-NAUSEUM DEFENSE OBJECTIONS, TO CONTINUE TO PROSECUTE PLAINTIFF IN A PATENTLY UNCONSTITUTIONAL--TRIAL.

(SEE ATTCHED COMPLAINT EXHIBIT-R-PAGE 7, APRIL 15,2005, Sentencing Hearing for Cr-04-B-0176, Id. at LINES 7-11, 17-18.

(22.) Thus convicted in a BENCH TRIAL, by Judge Blackburn who Overruled The Protections Afforded to this Plaintiff by The Fourth Amendement, Plaintiff has appealed, and filed SEVEN WRITS OF HABEAS CORPUS, WHICH HAVE ALL GONE UNADDRESSED TO THESE SELF-SAME FACTS, THUS, HABEAS CORPUS HAS BEEN SUSPENDED TO PLAINTIFF.

(23). The latest Habeas Petition, No.07-cv-00629, filed in this District was DISMISSED BY JUDGE JOHN D. BATES CITING THAT THIS COURT DID NOT HAVE "JURISDICTION TO HEAR A -"STATE CONVICTION",

(PAGE SEVEN)

- WHEN THERE <u>WAS NO "STATE CONVICTION"</u>-(OR ANY STATE PROCEEDINGS)-<u>ONLY BAD STATE FACTS USURPED BY THE FEDERAL GOVERNMENT.</u> Plaintiff then MAde Judge John D. Bates Aware of this <u>PLAIN ERROR,</u> by filing <u>RULE 60(b) MOTTION TO CORRECT THE MISTAKE, THEREIN SHOWING THERE WAS NO "STATE CONVICTION",</u> and Judge Bates <u>AGAIN ACTED IN THE FACE OF PLAIN ERROR,</u> and upheld his Ruling that The DIstrict Court (DC Circuit) Did Not Have Jurisidiction-<u>ON THE SAME BASIS.</u> Plaintiff has made <u>Complaint of Judicial Disbility</u> to DC Court of Appeals.

(24.) As APPARENTLY NO JUDGE WISHES TO HEAR THE <u>KIDNAPPING -FACTS,</u> as they are Exactly that-<u>FACTS,</u> Not "Allegations", Plaintiff resorted to the Instant R.I.C.O. Lawsuit.

(25.) The Assistant Attorney General for The State of Alabama, -<u>J. Matt Bledsoe,</u> Responded to SUMMONS of Complaint, by filing a <u>Motion to Dismiss,</u> and <u>"Brief in Support",</u> MAY 24, 2007, while acting as Defense Counsel for The State/County Defendants here, -<u>D.A. DAVID BARBER,</u> AND <u>JEFFERSON COUNTY, ALABAMA SHERIFF MIKE HALE,</u> and His Two Deputies, Lt. PAUL LOGAN AND LT. VEVERIT WOODROW TICE.

(26.) ASSISTANT ATTORNEY GENERAL <u>DID NOT DENY THAT PLAINTIFF WAS KIDNAPPED BY THE DEFENDANTS.</u> Instead, he has pleaded <u>IMMUNITY</u>-WHich he clearly DOES NOT HAVE, and <u>STATUTE OF LIMITATIONS.</u>
　　　　(SEE ATTACHED <u>EXHIBIT-(DOC.4,</u> Higlighted -Portions, <u>PAGE 10</u> of Attorney General's Response to Kidnap.)

(27.)The Attorney General has, having Examined The Documents-

(PAGE EIGHT)

-purporting to be "Arrest Warrant" and "Probable Cause" Affidavit, (EXHIBITS "G" AND "J", as attached to Each Copy of R.I.C.O. Complaint, that there be No Mistake, Sgt. Veverit Woodrow Tice's Name Appearing on These UNRECORDED INSTRUMENTS, FAILED TO ANSWER, PLEAD OR DEFEND TO PLAINTIFF'S CHARGE THAT HIS AGENTS MANUFACTURED SAME WITHOUT ANY JUDICIAL PROCESS.

(28.) THE PLAIN FACT IS THAT AS THESE FAKE-INSTRUMENTS WERE USED TO SEIZE PLAINTIFF FROM HIS HOME, CONTAIN A PROVISION FOR A "$100,000 BOND"-WHich Was Not a "BOND" When it was Not Set By Any Judge, -it was therefore a "RANSOM" when Plaintiff was thus "SECRETED AWAY" IN THE COUNTY JAIL ON THIS CRIMINAL BASIS, AND THAT THE "SECRETING AWAY" WITHOUT ANY JUDICIAL REVIEW ON SUCH RANSOM-WAS IN FACT VIOLATION OF FEDERAL KIDNAPPING-STATUTE, TITLE 18, U.S.C. §1201, inter alia.

   (SEE EXHIBIT-"G")

(29.) TAKE JUDICIAL NOTICE THAT THE ABOVE IS THE VERY SAME JURISDICTIONAL BASIS FOR FEDERAL CAUSE OF ACTION, AND BY WHICH PLAINTIFF REMAINS IN FEDERAL PRISON AT THIS TIME: THE UNITED STATES ATTORNEY GENERAL, HEREIN DEFENDANT ALBERTO GONZALES, HAS, AND CONTINUES TO AID AND ABETT THE SAME KIDNAPPING.

(30.) U.S. ATTORNEY GENERAL, ALBERTO GONZALES WAS NOTIFIED BY PLAINTIFF OF A CRIMINAL COMPLAINT SHOWING BY EXHIBITS THAT PLAINTIFF REMAINED,(AND REMAINS), IN PRISON THE DIRECT RESULT OF HIS U.S. ATTORNEY, ALICE H. MARTIN, AND HER ASSISTANT, A.U.S.A. JOHN BRADLEY FELTON"S-ILLEGAL USURPING THE SAME BAD-STATE FACTS ABOVE, IN CONSPIRACY WITH STATE D.A. DAVID BARBER AND FAILED IN A DUTY TO ACT.

(31.) THAT PLAINTIFF CONTINUES TO BE INJURED BY UNJUSTIFIED AND UNAUTHORIZED CONFINEMENT THE RESULT OF PREDICATE ACT OF KIDNAPPING IN FURTHERANCE OF R.I.C.O. CONSPIRACY.

(32.) THAT THIS COURT HAS BEEN PROVIDED PROOFS POSITIVE OF KIDNAPPING, AND JUDGE JAMES ROBERTSON,JR, HAS DENIED PLAINTIFF INJUNCTIVE RELIEF OF KIDNAPPING, BY DENYING TEMPORARY RESTRAINING ORDER. (Order 6/18/2007)

(33.) JUDGE JAMES J. ROBERTSON HAS STATED THAT THE ABOVE FACTS- ARE -"FACIALLY FRIVOLOUS".

(34.) PLAINTIFF ASSERTS THAT THIS SINGLE EGREGIOUS COMMENT SHOWS JUDICIAL BIAS. BY REFERENCE OF INCORPORATION, PLAINTIFF FILES MOTION FOR JUDGE JAMES ROBERTSON'S RECUSAL.

It is sworn under penalty of Perjury that the above is true, -& The Exhibits attached hereto are true copies of the originals

ON THE ABOVE PREMISES CONSIDERED, PLAINTIFF MOVES THIS THIS HONORABLE COURT TO TAKE JUDICIAL NOTICE THAT PLAINTIFF HAS BEEN KIDNAPPED UNDER COLOR OF LAW .

RESPECTFULLY SUBMITTED,

THIS 27 DAY OF JUNE, 2007

By-  /s/ _____

DANIEL L. DUMONDE, PLAINTIFF, PRO-SE
#21609-001, MOBILE-B
FEDERAL PRIOSN CAMP, MAXWELL AFB
MONTGOMERY, ALABAMA, 36112
(PAGE TEN)

## PROOF OF SERVICE

That I, DANIEL L. DUMONDE, PLAINTIFF, IN THE REFERNCED R.I.C.O. Civil Action, DO HEREBY SWEAR AND AFFIRM THAT I HAVE CAUSED A TRUE COPY OF **"MOTION TO TAKE JUDICIAL NOTICE THAT PLAINTIFF HAS BEEN KIDNAPPED UNDER COLOR OF LAW"**, TO BE SENT-VIA U.S.MAIL POSTPAID TO THE FOLLOWING PARTIES:

**SENATORS: Senate Judciary Committee**

1. PATRICK J. LEAHY;

2. ARLEN SPECTER

3. CHARLES SCHUMER

4  JOHN KYL

5. JEFF SESSIONS

**Rosemary Barkett, Judge**
**11th Circuit**
**56 Forsyth St. N.W**
**Atlanta, Georgia, 30303**

Honorable Anderson R. Lanier, III
Eleventh Circuit Court of Appeals
56 Forsyth Street, NW
Atlanta, GA 30303

Michael Billingsley, Esq.
Assistant US Attorney
1801 Fourth Avenue N
Birmingham, AL 35203

Honorable Sharon Lovelace
US District Court Judge
1729 5th Avenue N
Birmingham, AL 35203

Honorable Joel Dubina
Eleventh Circuit Court of Appeals
56 Forsyth Street NW
Atlanta, GA 30303

John Felton, Esq.
Assistant US Attorney
1801 Fourth Avenue N
Birmingham, AL 35203

**J. MATT BLEDSOE**
**ASSISTANT ATTY. GENERAL**
**STATE OF ALABAMA**
**11 SOUTH UNION ST.**
**MONTGOMERY, ALABAMA,**
**36104**

Alberto Gonzales, Esq.
US Attorney General
10th & Constitution Avenue NW
Washington, DC  20530

Agent Phil Holley
US Secret Service
15 S. 20th Street, Suite 1125
Birmingham, AL 35233

Alice Martin, Esq.
US Attorney
1801 Fourth Avenue N
Birmingham, AL 35203

Honorable Gerald Tjoflat
Eleventh Circuit Court of Appeals
56 Forsyth Street NW
Atlanta, GA 30303

Marshal Gail Weiss
US Marshal's Office
1729 5th Avenue N
Birmingham, AL 35203

DONE, THIS 27 DAY OF JUNE, 2007

/s/ _____
DANIEL L. DUMONDE, Plaintiff

AO 110 (Rev. 12/89) Subpoena to Testify Before Grand Jury

# United States District Court

NORTHERN _____ DISTRICT OF _____ ALABAMA

TO:

Daniel Laffite Dumonde
c/o Jefferson County Jail
Birmingham, AL

## SUBPOENA TO TESTIFY
## BEFORE GRAND JURY

SUBPOENA FOR:

☐ PERSON     ☐ DOCUMENT(S) OR OBJECT(S)

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM |
|---|---|
| **United States Courthouse** **Hugo Black Building** **1729 Fifth Avenue North** **Birmingham, Alabama 35203** | **307A** |
| | DATE AND TIME |
| | **April 28, 2004** **9:00 a.m.** |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

Your presence is required to provide hand writing exemplars.

In lieu of personal appearance, the requested information may be provided by contacting Special Agent Phil Holly, United States Secret Service, Suite 1125, Daniel Building, 15 South 20th Street, Birmingham, Alabama 35433, (205) 731-1144, on or before April 28, 2004.

☐ *Please see additional information on reverse*

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | | DATE |
|---|---|---|
| PERRY D. MATHIS | | 04/22/04 |
| (BY) DEPUTY CLERK | | USAO #2004R00102 |

This subpoena is issued on application
of the United States of America

Alice H. Martin
United States Attorney

NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U S ATTORNEY

John B. Felton, AUSA
1801 Fourth Avenue North
Birmingham, AL 35203  (205) 244-2256

*If not applicable, enter "none"

This form was electronically produced by Elite Federal Forms, Inc.

**EXHIBIT _____ DOC.1**

UNITED STATES DISTRICT COURT

AHM/JBF:MAY2004

**FILED**

FOR THE NORTHERN DISTRICT OF ALABAMA    04 APR 30  AM 11: 04

U.S. DISTRICT COURT
N.D. OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| DANIEL LAFFITE DUMONDE | ) |
| also known as Paul Moore | ) |
| also known as Danny | ) |
| Also known as Daniel Spencer | ) |
| and | ) |
| WADE RICHARD WALKER | ) |

CR-04-B-0176-S

INDICTMENT

COUNT ONE:  [18 U.S.C. §§ 513(a) and 2]

The Grand Jury charges that:

On or about the 25th day of August, 2003, in Jefferson County, within the Northern

District of Alabama, the defendants,

DANIEL LAFFITE DUMONDE,
also known as Paul Moore,
also known as Danny,
also known as Daniel Spencer,
and
WADE RICHARD WALKER,

each aided and abetted by the other, with the intent to deceive Bobby Jackson, did knowingly

make, possess, utter, and did knowingly cause to be made, possessed, and uttered, a counterfeited

security, that is, an official check in the amount of $16,500, drawn on Regions Bank,

Birmingham, Alabama, an organization which operates in and affects interstate commerce, in    *

*PAGE TWO TEXT: –violation of Title 18, U.S.C. §513(a) and–
                           –2"

DOC. 2
JUDICAL NOTICE EXHIBIT

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

**H. W. "BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges



Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## CR-03-1126

Ex parte Daniel Lafitte Dumonde   (In re: State of Alabama vs. Daniel Lafitte Dumonde)
(Jefferson  District Court: DC2003-12747).

## ORDER

Upon consideration of the above referenced Petition for Writ of Habeas Corpus, the Court of Criminal Appeals orders that said petition be and the same is hereby DISMISSED.

Done this the 19th day of May, 2004.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon  Robert G. Cahill, District Judge
    Hon. Anne-Marie Adams, District Clerk
    Daniel Lafitte Dumonde, Pro Se
    Hon. Troy King, Attorney General
    Hon. M. David Barber, District Attorney

**EXHIBIT   DOC. 3.**

*BY THE DATE, MAY 19, 2004
*SHOWS SAME FACTS WERE ON APPEAL BY HABEAS CORPUS
AT SAME TIME OF FEDERAL USURPATION/INDICTMENT.

**D.  The Claims Against Defendants Are Barred by the Statute of Limitations.**

Although Mr. DuMonde's Complaint alleges defendants violated the RICO Act, his claims are essentially 42 U.S.C. section 1983 claims. To the extent that Mr. DuMonde's claims are advanced under § 1983, they are time barred by the statute of limitations. The statute of limitations for a section 1983 action in Alabama is two years. See Eubank v. Leslie, 2006 WL 3627005 (11th Cir. (Ala.)). Mr. DuMonde alleges in his complaint that on or about October 2002, he was kidnapped/arrested. [Court Doc. #1, p. 1.] Mr. DuMonde alleges that defendants conspired with others to kidnap him. [Court Doc. #1, p. 6.] The alleged conspiracy involving defendants, therefore, took place on or before October 2003. [Court Doc. #1, p. 1.] Mr. DuMonde filed this action on May 4, 2007, alleging that his constitutional rights were violated. More than three years have elapsed since the alleged kidnapping/arrest took place. The claim is barred by the statute of limitations.

**E.  Mr. DuMonde Failed to State a Claim against Defendants Upon Which Relief Can Be Granted.**

A federal court has held that a plaintiff must do more than allege conclusory facts based upon information and belief in order to support claims of conspiracy. See Fullman v. Graddick, 739 F.2d. 553, 559 (11th Cir. 1984) (holding that allegations based on "information and belief" were not enough to support claims that a prosecutor made false statements to the press and ordered and participated in a warrantless search of plaintiff's trash). The Alabama Supreme Court has found that conspiracy averments in a complaint must exceed bald speculation. Ex parte Rendel, 2006 WL 625835 (March 2, 2007). The plaintiff makes no specific allegations whatsoever in regard to defendants in this action. Mr. DuMonde's allegations regarding the defendants do not state a sufficient claim upon which relief can be granted.

Bess.

| STATE OF ALABAMA | | AFFIDAVIT / WARRANT | CASE NUMBER | | |
|---|---|---|---|---|---|
| UNIFIED JUD. SYSTEM | | *20314092* | ID | YR | NUMBER |
| FORM DC - 6J | 7/89 | | 03 | | 12747 |

IN THE DISTRICT COURT OF JEFFERSON COUNTY

| THE STATE VS. | DUMONDE, DANIEL LAFITTE | AGENCY: | JEFF CTY SHERIFF | 23C WARRANT NO. | 418453 |
|---|---|---|---|---|---|
| | | OCA: | 003087658 | JCID NO. | 178493 |

| SHERIFF'S INFORMATION: | SEX MALE | EYE BLUE | SKIN | NEAR 51 | YEARS OLD |
|---|---|---|---|---|---|
| | RACE WHITE | HAIR BROWN | WEIGHT ABOUT 195 LBS. | DOB ABOUT 3/31/1952 | |
| | HEIGHT ABOUT | 5 FEET 10 INCHES | | | |

ADDRESS: 324 WASHINGTON ST  1829 12th AVE  EMPLOYER: DISABLED
BESSEMER AL  35020  Bess 35020  SSN 077687398

REMARKS: AKA    GOLDBERG, LENNY    SPENCER, DANIEL
FITTER, MARSHALL    JACKSON, CURTIS

1829 13th ST N, Bess 35008

COMPLAINT:

PERSONALLY APPEARED BEFORE THE UNDERSIGNED AS MAGISTRATE/JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY, IN AND FOR SAID COUNTY  JACKSON, BOBBIE D

DUMONDE, DANIEL LAFITTE                                        WHO BEING DULY SWORN, SAYS THAT
                                              WHOSE NAME IS OTHERWISE UNKNOWN TO AFFIANT, IN SAID COUNTY
DID KNOWINGLY OBTAIN OR EXERT UNAUTHORIZED CONTROL OVER, BY DECEPTION,
1 DIAMOND RING $25,050.00

COMMITTED TO JAIL

OCT 23 2003

MIKE HALE
SHERIFF

THE PROPERTY OF    BOBBIE D JACKSON
WITH THE INTENT TO DEPRIVE THE OWNER OF SAID PROPERTY,  IN VIOLATION OF SECTION
13A-8-3 OF THE ALABAMA CRIMINAL CODE

AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA. SUBSCRIBED AND SWORN TO BEFORE ME THIS  16  DAY OF  OCTOBER  2003

_____                                   Bobbie D. Jackson
MAGISTRATE/JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY                AFFIANT

ANY LAWFUL OFFICER OF SAID STATE,
YOU ARE HEREBY COMMANDED TO ARREST    DUMONDE, DANIEL LAFITTE                AND BRING HIM OR HER BEFORE
THE JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY, AT THE PRESENT TERM OF SAID COURT, TO ANSWER THE STATE OF
ALABAMA ON A CHARGE OF  THEFT OF PROPERTY FIRST DEGREE (DECEPTION OVER $2500)
PREFERRED BY    JACKSON, BOBBIE D          WITNESS MY HAND THIS  16  DAY OF  OCTOBER  2003

OFFENSE CODE  23990112                           _____
                                  MAGISTRATE/JUDGE OF DISTRICT COURT OF JEFFERSON COUNTY

BOND
THE OFFICER ARRESTING MAY ADMIT THE DEFENDANT TO BAIL UPON HIS OR HER ENTERING INTO BOND IN THE SUM OF
$100,000  DOLLARS WITH TWO GOOD SECURITIES APPROVED BY SAID OFFICER

                                  _____
                                  MAGISTRATE/JUDGE OF DISTRICT COURT OF JEFFERSON COUNTY

COMMENTS:                MAHON        /CGDK    88961806
AT LARGE; BOND JUDGE WATKINS                                  EXHIBIT "G"

NOTICE, V W          JCSO  03087658      00000
RECEIPT                                  EXECUTION

Received In Office:          Executed by Arresting the Within Named Defendant and

☐ Committed To Jail          ☐ Released on Bond Date: _____

# DEPOSITION

INTAKE NO. 8896180b

Date: _10/16/3_
Issued: _1/8/43_
Refused: _____
Referred: _____
Bond: _100,000°°_
Magistrate _SW_ JUDGE

Personally appeared before me _BOBBIE D. JACKSON_
being by me first duly sworn, deposes and says:                    (Affiant)

On _8 25 2003   1230   PM_ , at AND 9 PM  3700 CHARLESTON LANE  BHAM AL
        (date and time)                              (location)

the following incident occurred: _Infieh came to my home said_
_he was Paul Moore's son. Presented me with_
_a Counterfit chashirs check in exchange for_
_my diamond Ring - center stone 4½K & 2K on side_

## SUSPECT INFORMATION

Name: DUMONDE, DANIEL LAFITTE _____ Race _W_ Sex _M_ DOB _3 31 1952_

Aliases/Description: GOLDBERG, LENNY          HAIR BRO   EYES BLU

Hgt _5_ ft _10_ in Wgt _195_ Work: _DISABLED_

Res. Add: _324 WASHINGTON ST_    _BESSEMER AL_      _35020_

SS #: _077 68 7398_    FBI #: _AL_    FPC #: _____

Prior Record? _YES_ ___ Relation to Victim: _____

VICTIM   JACKSON, BOBBIE D          DOB 03021932 RACE W  SEX F
         3700 CHARLESTON LANE
         BHAM AL        35216   HOME   402 2446   WORK   243 0302
                    (name and address)                                    NO
                                        Does victim have prior record? _____

## OFFICER IN CHARGE OF CASE

TICE, V W              JCSO 03087658          BADGE #
HOME  521 1571   WORK  972 0462   OCA  003087658   ORI  AL0010000
                          (name, jurisdiction, case no., phone no.)

## OTHER

In custody? Yes ____ No ____ _X_ If yes, where? _X_          AT LARGE
Is this case a Bham Bail Warrant? Yes ____ No ____ Has case been previously discussed with DA or Magistrate?
Yes ____ No ____ If yes, with whom? _____

OFFENSE: _THEFT 1_

_____                    EXHIBIT "J"
   Magistrate                            x Bobbie D Jackson
                                              Affiant

**ANNE-MARIE ADAMS, CLERK**
Jefferson County Circuit Court, Criminal Division
Room 901 Mel Bailey Justice Center
801 Richard Arrington, Jr., Boulevard, North
Birmingham, Al 35203

Date:   10/31/05

To:    Daniel L Dumonde

Dear Sir:

Enclosed are the documents you requested. **

These documents are not in the clerk's file:  Arrest Record, Forensic Report,
Investigative reports, officer or witness lists or statements, court reporter trial transcripts,
notice of intent to enhance as HFOA per statute, sentence colloquy, search warrants or
PSI (probation) reports.

Sincerely,

*Anne-Marie Adams*

Anne-Marie Adams, Clerk
Circuit Criminal Court, Jefferson County

** __CLERK'S LETTER-HABEAS EXHIBIT-"L"__.
__PLAINTIFF'S NOTE__:    ENCLOSED WITH THIS LETTER WAS A "DOCKET SUMMAR[Y]
FOR ALA CASE #DC-03-12747-__SHOWING NO "ISSUANCE OR RETURN"OF ANY-__
__ARREST WARRNT OR COMPLAINT__. Letter was sent in response to Reques[t]
for certified copies of __EXHIBITS-"J"AND "G"__.

1   department colluded to plant certain evidence and there is

2   actually a trail that would show that, in all due respect, Your

3   Honor.

4          MR. FELTON:  Could I put this on the record?  That we

5   have Mr. Dumonde's trial exhibit notebook which has all the

6   exhibits in the case, as well as the grand jury testimony of

7   the co-defendant, of Jencks material that I would provide to

8   him, as well as the trial memorandum and the deposition sheet

9   that we were finally able to acquire.

10         THE COURT:  The deposition sheet?

11         MR. FELTON:  The affidavit for his felony arrest

12   warrant.

13         THE COURT:  Right.  Right.

14         MR. FELTON:  I just wanted to make sure he has that

15   for the record.

16         Secondly, Your Honor, in response to Mr. Dumonde,

17   there is conclusory evidence that letters were sent by

18   Mr. Dumonde to Frances Watts, there is three letters that were

19   sent by him from the jail to her, and she received them, she

20   knows his handwriting.  Those letters purport to tell her what

21   she is supposed to do at the home, what she is supposed to do

22   with the keys to the house, how she is supposed to feed the

23   dog, what she is supposed to do.  She was also told that she

24   was about to be evicted and to get some material out.

25         THE COURT:  Let me stop you.  He is entitled to show

SUPPRESSION HEARING, SEPT.9, 2004. (ND AL).

A.U.S.A-ENTERING FICTIITOUS PROBABLE CAUSE AFFIDAVIT, EXHIBIT -"J"

1  actually the ring, if it were in a nice jewelry store

2  somewhere, would sell for between thirty and thirty-five

3  thousand at that time.

4  Q.    And is that ring very distinguishable?

5  A.    Yes, because of the color.  It's an argyle diamond from

6  Europe, and there's only one mine in Italy that mines these

7  diamonds.  And it's listed in a book that's in the jeweler's --

8  Ron Redding, who was the appraiser, had the book that this ring

9  was numbered and listed in -- this diamond was numbered and

10  listed in.

11          MR. FELTON:  I believe that's all I have at this

12  time, Your Honor.

13          THE COURT:  All right.

14                  **CROSS-EXAMINATION**

15  **BY DEFENDANT DUMONDE:**

16  Q.    How are you doing, ma'am?

17  A.    How do you do?

18  Q.    Okay.  Have you ever seen me before, ma'am?

19  A.    No.

20  Q.    You had said that -- you had said that Daniel Lafitte

21  Dumonde had called you.  Now, you don't know who the person

22  was that called you pretending to be the father?  You had

23  never met him?

24  A.    I never met him in person, no, sir.

25  Q.    But he spoke to you on the phone?

TESTIMONY OF <u>BOBBIE JACKSON</u>, SEPT.13,2004

- AFFIANT OF <u>EXHIBITS</u> **"G"** & **"J"** Warrant & Probable Cause Affidavit
U.S. DISTRICT COURT, (ND AL), CASE <u>Cr-04-B-0176-S</u>

1  statement?  I assume this was Detective Tice; is that

2  correct?

3  A.    Detective Tice was -- Sergeant Tice was the one that did

4  all of the research on it and had it for me to sign.

5  Q.    I see.  So it was pre-typed in when you signed it or --

6  A.    I don't know whether it was pre-typed in or not, because

7  that's writing, that's my handwriting.

8  Q.    Yes, ma'am.  Did you appear in front of a magistrate or

9  a judge to sign this, in front of a magistrate or a judge?

10 A.    I don't know.  I signed several papers, and I don't know

11 whether that was before one or not.  Not to my knowledge, I

12 wasn't.

13 Q.    Not to your knowledge.  It has a magistrate's signature

14 on it is the reason I asked.

15 A.    Yes.

16 Q.    There's also -- I believe that's your signature.  You

17 can tell me.

18 A.    Yes, that's my signature.

19 Q.    Yes, ma'am.  Did you appear in front of a magistrate or

20 judge and give that oath?

21 A.    Yes, I did.

22 Q.    You did.  That was on the 16th of December?

23 A.    It wasn't December.

24 Q.    Excuse me.  October 16th, 2003.

25 A.    Yeah.  That's when we went to court the first time.

**TESTIMONY OF BOBBIE JACKSON, SEPT.13,2004**

1 warrant?

2          THE COURT:  No, sir.

3          DEFENDANT DUMONDE:  I mean, swearing to something on

4 a person that you don't know.

5          THE COURT:  Did you learn at some point that there

6 was information that the defendant might be involved in this,

7 that Mr. Dumonde might be involved in this?

8          THE WITNESS:  Yes, ma'am, I did.  I learned through

9 Sergeant Logan -- through Lieutenant Logan and Sergeant Tice,

10 who had done all the research on this, and found who he was and

11 where he was and where he lived and where he was located.

12          And then I gave a description -- I drew a description

13 of the young man, but I had never seen him before until I saw

14 his picture that they had.

15          THE COURT:  All right.

16 Q.   (By Defendant Dumonde)  So you couldn't honestly

17 testify and say that I knowingly obtained anything from you?

18          MR. FELTON:  I object, Your Honor.

19          THE COURT:  Overruled.

20 A.   I don't understand what you're asking me.

21          THE COURT:  Do you have any personal knowledge of

22 your dealings that this man was involved?  That's the question.

23          THE WITNESS:  Oh, no, huh-uh.

24          THE COURT:  All right.  Go ahead.

25          THE WITNESS:  I just got it all from authorities.

TESTIMONY OF BOBBIE JACKSON, SEPT.13,2004

-AFFIANT OF EXHIBITS "G"&"J", Warrnt & Probable Cause Affidavit

U.S. DISTRICT COURT, (ND AL), CASE:Cr-04-B-0176-S

1   can refute it, including the arresting officers.

2          THE COURT: Let me say this: If this is not an

3   objection to the Presentence Report --

4          THE DEFENDANT: It is.

5          THE COURT: No. If this is about the search

6   warrant or anything about your arrest -- what is it then?

7          THE DEFENDANT: It's that the deposition is not my

8   conduct for the original arrest warrant, and this has been

9   proven beyond any fact. And no one can refute it. It's

10  universal law that you can't have probable cause for an

11  arrest using someone else's conduct. That's why I say it's a

12  travesty and a sham. This started out one document, this

13  whole trial --

14         THE COURT: Mr. Dumonde, we've talked about this at

15  length during your trial.

16         THE DEFENDANT: Ad nauseam.

17         THE COURT: We are not going to talk about it

18  anymore. I've overruled that objection.

19         THE DEFENDANT: Then you are violating your

20  judicial oath to uphold the United States Constitution.

21         THE COURT: All right. Your next objection

22  actually did not specifically contain any objections to the

23  guideline range.

24         I'm now going to go to the government's objection. One

25  you, moved for a Motion For Upward Departure based on the