ORIGINAL

RECEIVED
JUL 1 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

DANIEL L. DUMONDE,         *
          Plaintiff,       *
                           *
V.                         *     CASE No. 07-cv-0715-JR
                           *
JEFFERSON COUNTY, ALABAMA, *
ALBERTO GONZALES, et.al.,  *
          Defendants.      *
_____/

**MOTION FOR REVIEW BY CHIEF JUDGE AND-**
**PLAINTIFF'S OBJECTIONS TO JUDGE ROBERTSON'S**
**ORDER TO SHOW CAUSE AGAINST DISMISSING DEFENDANTS**

COMES NOW PLAINTIFF, DANIEL L. DUMONDE, by and through himself, and having previously filed for **Judge Robertson's Recusal** in response to his order of **6/18/2007**, additionally responds to that order, specifically where the Judge has given Plaintiff **30-Days**[*1] to Show Cause why Plaintiff's Complaint should not be dismissed against the Federal Defendants. Plaintiff Moves for Honorable Chief Judge Hogan's Review, and **OBJECTS TO JUDGE ROBERTSON'S ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED, AND AS FOLLOWS:**

(1) Plaintiff has suffered an Outrageous and Frightening **abuse of Governmental Powers**, and continues to suffer great injury as result.

(2.) **Plaintiff has** filed **VALID COMPLAINT** for which **Proofs -Positive Exist.** The Complaint is supported by compelling **Record** Evidence, some of the exhibits of which are attached- to the Complaint, that there be No Mistaking that the Subject-

*1 Attached.          (PAGE ONE)

-Matter contains the elements actionable under **R.I.C.O.** where the charged conspiracy continues to injure Plaintiff's **loss of S.S.I. benefits;** has caused him devastating Injury to his Prospective Music Business endeavors; and where ALL HIS POSSESSIONS AND PROPERTY, humble as they were, were illegally-Seized, or lost as result of The Defendant's **Ruthless, malicious and illegal acts,** constituing serious Federal -Crimes. The Defendants have not only acted outside the Scope of their Authority, they have acted without-any Authority.

(3.) What cannot be reasonably argued, is the fact that **Plaintiff was Seized From His HOME by The County/State Defendants- BY FICTITIOUS DOCUMENTS PURPORTING TO BE "ARREST WARRANT" AND "PROBABLE CAUSE AFFIDAVIT".** This is supported Ipso Facto, by The County Clerk 's letter, **(COMPLAINT EXHIBIT-"L"),** as she notes that there is in fact NO RECORD OF ANY ARREST or THE ARREST WARRNT IN QUESTION.

(4.) This fact has also been PROVEN beyond any Doubt already, where **J.MATT BLEDSOE,** Assistant Attorney General for The State of ALabama responded to the instant **R.I.C.O.** Complaint, and having **Examined The Exhibits** purporting to Be State of Alabama **"ARREST WARRANT" AND "PROBABLE CAUSE AFFIDAVIT",** (EXHIBITS- -"G" AND "J", Respectively, DID NOT DENY THESE WERE FICTITIOUS; DID NOT DENY PLAINTIFF WAS KIDNAPPED BY THE DEFENDANTS V.W. TICE AND LT. PAUL LOGAN; DID NOT DENY THAT THAT THESE DEFENDANTS **MANUFACTURED THESE INSTRUMENTS;** and most tellingly, DID NOT PRODUCE ANY OTHER LAWFUL PROCESS OR WARRANT.

(5.) **Equally what cannot be reasonably argued** here, are that <u>**THE EXACT PRECISE SAME SET OF FACTS WERE USURPED BY THE FEDERAL DEFENDANTS IN THIS CASE**</u>, WHERE THEY KNEW, OR SHOULD HAVE KNOWN, THAT AT THE TIME OF THEIR INVOLVEMENT WITH THESE SAME STATE FACTS, THAT THE FACTS WERE-(1)being contested by State Writ of Habeas Corpus, then simultaneoulsy on **EX-PARTE APPEAL**,(2) That the State Instruments were in fact-**FAKE**.

(6.) It also <u>**cannot be reasonably argued**</u>, that the Federal Defendants of The U.S. Attorney's Office in Birmingham, Alabama <u>**ENTERED THESE FICTITIOUS INSTRUMENTS ON THE RECORD OF THE UNITED STATES DISTRICT COURT**</u>, as legitimate Cause for State "Arrest" and conducting of the Illegal Federal Trial, CASE NO. <u>CR-04-B-0176-S</u>, where Plaintiff remains to suffer in a <u>inarguably illegal Confinement as result of R.I.C.O Conspiracy</u>.

(7.) PLAINTIFF OBJECTS THAT HE HAS **<u>RIGHT TO BE HEARD</u>**:

> "the fundamental requirement of Due Process is the opportunity to be heard at a meaningful time and in a meaningful manner"
> <u>Merriman V Security Ins. of Hartford</u>, 100 F 3d,1187,1191, (5th Cir.1996)

**IN CONCLUSION,**

Plaintiff has a Right to be heard on his claims. The basic facts are already established. Should the Defendants have excuse or different version of events, they should so answer plead, or defend. The complaint must not be dismissed until sufficient defendant response would rightfully cause dismissal.

**WHEREFORE ON THE ABOVE PREMISES CONSIDERED,** Your Plaintiff Objects to Judge Robertson's Order to SHow Cause, and motion's for review of Plaintiff's Objections by Honorable Chief Judge Hogan.

RESPECTFULLY SUBMITTED,

THIS 4 DAY OF JULY, 2007

By: /s/ *[signature]*

DANIEL L. DuMONDE, PLAINTIFF,
#21609-001, MOBILE-B
F.P.C. MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA, 36112

**(PAGE FOUR)**

## PROOF OF SERVICE

That I, Daniel L. DuMonde, do hereby swear and affirm that I have caused true copy of The foregoing **"MOTION FOR REVIEW BY CHIEF JUDGE AND PLAINTIFF'S OBJECTIONS TO JUDGE ROBERTSON'S ORDER TOP SHOW CAUSE"**, to be placed in the Mail Box of this Institution, Correct U.S. Postage Affixed, and mailed to the following Attorneys for defendants:


**QUAN K. LUANG**
Special Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W.- Room **E4417**
Washington, D.C., 20530


**J, MATT BLEDSOE**
Assistant Attroney General-
for The State of Alabama
**11 South Union St.**
MONTGOMERY, ALABAMA, 36104


        Sworn under penalty for perjury,
           and **Title 28, U.S.C. §1746,**


        DONE, THIS __4__ DAY OF JULY, 2007,

        By-
        /s/ *Daniel L. DuMonde*
        DANIEL L. DUMONDE, PLAINTIFF, PRO-SE
        #21609-001, MOBILE-B
        F.P.C. MAXWELL AIR FORCE BASE, MONTGOMERY, AL.,

(PAGE FIVE)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL L. DUMONDE,           :
                             :
        Plaintiff,           :
                             :
    v.                       :   Civil Action No. 07-0715 (JR)
                             :
JEFFERSON COUNTY ALABAMA, et :
al.,                         :
                             :
        Defendants.          :

### ORDER

For the reasons set forth in the accompanying memorandum, it is

**ORDERED** by the Court *sua sponte* that, within 30 days of the date of this order, plaintiff show cause why the complaint should not be dismissed as to each and every one of the named defendants except the Attorney General, for want of personal jurisdiction, and as to the Attorney General, for want of any allegations of wrongdoing against him. It is

**FURTHER ORDERED** that the obligation of any and all additional defendants in this case to answer, move or otherwise plead with respect to the complaint herein is **stayed** pending the the Court's consideration of plaintiff's return upon this order to show cause. It is

**FURTHER ORDERED** that the motion of defendants Paul Logan, Veverit Woodrow Tice, Mike Hale and David Barber to dismiss [2] is **granted**. And it is

**FURTHER ORDERED** that plaintiffs' motion for temporary restraining order [8] is **denied**.


                                        JAMES ROBERTSON
                                   United States District Judge

- 2 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL L. DUMONDE,           :
                             :
        Plaintiff,           :
                             :
    v.                       :    Civil Action No. 07-0715 (JR)
                             :
JEFFERSON COUNTY ALABAMA, et :
al.,                         :
                             :
        Defendants.          :

**MEMORANDUM**

Four of the 16 defendants named (and served) in this *pro se* action, brought purportedly under the RICO statute by a federal prisoner currently housed at FCP Maxwell Air Force Base Montgomery, Alabama, have moved to dismiss for lack of subject-matter jurisdiction and for lack of personal jurisdiction. None of these four defendants resides or is found in the District of Columbia, and none of the provisions of the District of Columbia's long-arm statute even remotely applies to any of them. Plaintiff asserts -- creatively, if erroneously -- that the Jefferson County Sheriff's Department has minimal contacts with the District of Columbia because it transports prisoners both to and from the D.C. area and that Jefferson County Alabama schools receive federal funds, even if the State of Alabama and its agencies only occasionally have business here. Defendants are correct, however, in arguing, [2-2] at 9, that the District of Columbia's long-arm statute does not authorize personal

jurisdiction over state governments.' U.S. v. Ferrara, 54 F.3d 825 at 831-32 (D.C. Cir. 1995).

It is unnecessary to reach these defendants' arguments about immunity, because there is no personal jurisdiction, and the accompanying order accordingly dismisses plaintiffs claims as to them.

What remains to be decided is whether this case should be allowed to proceed to the point where the other defendants -- including four federal circuit judges, a federal district judge, the Attorney General of the United States, a United States attorney and two of her assistants, a Secret Service agent, and (apparently) a private citizen of Birmingham -- must arrange for counsel and respond to plaintiff's facially frivolous complaint. Of the remaining named defendants, only one, the Attorney General of the United States, has any connection with the District of Columbia, to the knowledge of the undersigned judge (knowledge that, for these purposes, may be taken as judicial notice). It is hard to read plaintiff's complaint, which confuses the eye with underlining, bold face letters and capital letters, but I have tried and find no allegations of any kind against the Attorney General.

JAMES ROBERTSON
United States District Judge