Appeals Court Copy

Received
Mail Room

JUL -9 2007

United States Court of Appeals
District of Columbia Circuit

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL L. DUMONDE,         *
           Plaintiff,      *
                           *
V.                         *           CASE No. 07-0715-JR
                           *
JEFFERSON COUNTY ALABAMA, et *
al.,                       *
           Defendants.     *
_____/

### NOTICE OF INTERLOCUTORY APPEAL OF JUNE 18, 2007-DISMISSING COUNTY/STATE DEFENDANTS

COMES NOW PLAINTIFF, DANIEL L. DuMONDE, and gives **Notice of Appeal** of District Judge James Robertson's Order of June 18, 2007, dismissing Four Defendants, **Ververit Woodrow Tice, Mike Hale and David Barber, Jefferson County, Alabama State Agents.**

**(1)** Judge James Robertson has dismissed the above Four-Defendants, who happen to be State of Alabama Agents, citing that the defendants are correct in arguing [2-2] at 9, that the District of Columbia's long-arm statute does not authorize personal jurisidction -**over state governments"** and cites **U.S. v. Ferrara**, 54 F 3d 825 at **831-32** (D.C. Cir.1995).

**(2.)** Judge Robertson's dismissal is **Erroneous** by concurring with with, and premised on, The Defendants' Counsels assertion that the Dismissed Defendants are **"State Agents"**, and therefore **Plaintiff's R.I.C.O.** suit is against a State Government which is **untrue**, and in error. The mis-application of **Ferrara** in this instance, will be shown on Appeal by the following argument-

(PAGE ONE)

(3) Moreover, <u>Ferrara</u> states,

> "Personal Jurisdiction analysis requires that Court determine whether jurisidiction over party is proper under applicable local long-arm statute and -whether it accords with demands of Due Process"  U.S.C.A. Const. AMends. 5,14.
> <u>Ferrara</u>, at <u>825</u>, <u>Headnote 1.</u> (Emphasis Added)

(4.) As stated in Plaintiff's Objections to Dismissal, as cited in <u>Ferrara</u>, <u>to dismiss Plaintiff's suit would - "offend-traditional Notions of Fair Play and Substantial Justice"</u> -because, (1) The Defendants are clearly Guilty as a matter of Law, by their very Response to Plaintiff's assertions that he has been, and remains, <u>Kidnapped</u>, in violation, inter alia, by defendant's violation of <u>Title 18, §1201</u>; (2) This is true because the Defendant's Counsel, after examination of the <u>Fake-Arrest Warrant and Probable Cause Affidavit</u>, (Complaint Exhibit's <u>"G'&"J"</u>, the County Clerk's Letter, (<u>Exhibit "L"</u>), affirming that the Fake Instruments are <u>Unrecorded</u> in the Clerk's Office, <u>PROVES PLAINTIFF'S CASE IPSO-FACTO</u>, and <u>The Defendants' DID NOT DENY THAT THESE WERE FAKE, AND DID NOT PRODUCE ANY LEGITIMATE ARREST WARRANT DOCUMENTS, WHICH WOULD EFFECTIVELY DISPROVE PLAINTIFF'S CLAIMS THAT HE WAS KIDNAPPED.</u>

(5.) Moreover, The <u>CHIEF JUDGE IN THE DISTRICT OF ORIGIN, SHARON LOVELACE BLACKBURN, IS NAMED DEFENDANT</u> IN PLAINTIFF'S COMPLAINT, AND <u>PLAINTIFF CANNOT BRING THE COMPLAINT IN THAT DISTRICT.</u>

(6.) Therfore, JUDGE ROBERTSON'S ORDER DISMISSING THE DEFENDANTS <u>DOES NOT "ACCORD WITH THE DEMANDS OF DUE PROCESS"</u>,Ferrara,<u>Supra</u>.

(7) Judge Robertson has construed Plaintiff's claim as a **42 U.S.C. §1983, claim,** <u>where it is in fact a valid R.I.C.O. claim.</u> ON THE ABOVE PREMISES OF DUE PROCESS DENIED, PLAINTIFF GIVES NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS, DISTRICT OF COLUMBIA, FROM THE ATTACHED ORDER.

NOTICE GIVEN, THIS 26 DAY OF JUNE, 2007,

By- /s/ *[signature]*

DANIEL L. DUMONDE, PLAINTIFF, PRO-SE
#21609-001, MOBILE-B
F.P.C. MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA, 36112

(PAGE THREE)

## PROOF OF SERVICE

That I, **Daniel L. DuMonde,** do hereby **swear** and affirm that I have caused true copy of the forgoing **NOTICE OF INTERLOCUTORY APPEAL OF JUNE 18, 2007 DISMISSING COUNTY/STATE DEFENDANTS"**, to be placed in mail box of this Institution, Correct U.S. Postage Paid, and addressed to the following parties:

J. MATT BLEDSOE,
ASSISTANT ATTORNEY GENERAL
**11 SOUTH UNION ST.
MONTGOMERY, ALABAMA, 36104**

Honorable Anderson R. Lanier, III
Eleventh Circuit Court of Appeals
56 Forsyth Street, NW
Atlanta, GA  30303

Michael Billingsley, Esq.
Assistant US Attorney
1801 Fourth Avenue N
Birmingham, AL  35203

Honorable Sharon Lovelace
US District Court Judge
1729 5th Avenue N
Birmingham, AL  35203

Honorable Joel Dubina
Eleventh Circuit Court of Appeals
56 Forsyth Street NW
Atlanta, GA  30303

John Felton, Esq.
Assistant US Attorney
1801 Fourth Avenue N
Birmingham, AL  35203

Alberto Gonzales, Esq.
US Attorney General
10th & Constitution Avenue NW
Washington, DC  20530

Agent Phil Holley
US Secret Service
15 S. 20th Street, Suite 1125
Birmingham, AL  35233

Alice Martin, Esq.
US Attorney
1801 Fourth Avenue N
Birmingham, AL  35203

Honorable Gerald Tjoflat
Eleventh Circuit Court of Appeals
56 Forsyth Street NW
Atlanta, GA  30303

Marshal Gail Weiss
US Marshal's Office
1927 5th Avenue N
Birmingham, AL  35203

Honorable Rosemary Barkett
Eleventh Circuit Court of Appeals
56 Forsyth Street NW
Atlanta, GA  30303

By-

THIS___DAY OF JUNE, 2007,     /s/ _____
                               DANIEL L. DUMONDE, PLAINTIFF, PRO-SE
                               #21609-001, MOBILE-B
                               F.P.C. MAXWELL AFB, MONTGOMERY, AL.,

(PAGE FOUR)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL L. DUMONDE, :
:
    Plaintiff, :
:
v. : Civil Action No. 07-0715 (JR)
:
JEFFERSON COUNTY ALABAMA, et :
al., :
:
    Defendants. :

### ORDER

For the reasons set forth in the accompanying memorandum, it is

**ORDERED** by the Court *sua sponte* that, within 30 days of the date of this order, plaintiff show cause why the complaint should not be dismissed as to each and every one of the named defendants except the Attorney General, for want of personal jurisdiction, and as to the Attorney General, for want of any allegations of wrongdoing against him. It is

**FURTHER ORDERED** that the obligation of any and all additional defendants in this case to answer, move or otherwise plead with respect to the complaint herein is **stayed** pending the the Court's consideration of plaintiff's return upon this order to show cause. It is

**FURTHER ORDERED** that the motion of defendants Paul Logan, Veverit Woodrow Tice, Mike Hale and David Barber to dismiss [2] is **granted**. And it is

**FURTHER ORDERED** that plaintiffs' motion for temporary restraining order [8] is **denied**.


                                        JAMES ROBERTSON
                                    United States District Judge

- 2 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL L. DUMONDE,  :
      Plaintiff,  :
      v.  :   Civil Action No. 07-0715 (JR)
JEFFERSON COUNTY ALABAMA, et al.,  :
      Defendants.  :

## MEMORANDUM

Four of the 16 defendants named (and served) in this *pro se* action, brought purportedly under the RICO statute by a federal prisoner currently housed at FCP Maxwell Air Force Base Montgomery, Alabama, have moved to dismiss for lack of subject-matter jurisdiction and for lack of personal jurisdiction. None of these four defendants resides or is found in the District of Columbia, and none of the provisions of the District of Columbia's long-arm statute even remotely applies to any of them. Plaintiff asserts -- creatively, if erroneously -- that the Jefferson County Sheriff's Department has minimal contacts with the District of Columbia because it transports prisoners both to and from the D.C. area and that Jefferson County Alabama schools receive federal funds, even if the State of Alabama and its agencies only occasionally have business here. Defendants are correct, however, in arguing, [2-2] at 9, that the District of Columbia's long-arm statute does not authorize personal

jurisdiction over state governments.' U.S. v. Ferrara, 54 F.3d 825 at 831-32 (D.C. Cir. 1995).

It is unnecessary to reach these defendants' arguments about immunity, because there is no personal jurisdiction, and the accompanying order accordingly dismisses plaintiffs claims as to them.

What remains to be decided is whether this case should be allowed to proceed to the point where the other defendants -- including four federal circuit judges, a federal district judge, the Attorney General of the United States, a United States attorney and two of her assistants, a Secret Service agent, and (apparently) a private citizen of Birmingham -- must arrange for counsel and respond to plaintiff's facially frivolous complaint. Of the remaining named defendants, only one, the Attorney General of the United States, has any connection with the District of Columbia, to the knowledge of the undersigned judge (knowledge that, for these purposes, may be taken as judicial notice). It is hard to read plaintiff's complaint, which confuses the eye with underlining, bold face letters and capital letters, but I have tried and find no allegations of any kind against the Attorney General.

JAMES ROBERTSON
United States District Judge