IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL L. DUMONDE,  \*
    Plaintiff,  \*
                  \*
V.  \*   CASE No. 07-cv-0715-JR
                  \*
JEFFERSON COUNTY, ALABAMA,  \*
ALBERTO GONZALES, et.al.,  \*
    Defendants.  \*
&-  \*
SENATOR PATRICK J. LEAHY,  \*
SENATOR ARLEN SPECTER,  \*
SENATOR CHARLES SCHUMER,  \*
SENATOR JOHN KYL,  \*
SENATOR JEFF SESSIONS,  \*
WARDEN, D.DREW, F.P.C. Montgomery,  \*
HARLEY G. LAPIN, Director, B.O.P.,  \*
    -Notified Parties.  \*
_____/

**RECEIVED**
JUL 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>EMERGENCY MOTION TO CHIEF JUDGE HOGAN, FOR-
MOTION FOR PRELIMINARY INJUNCTION</u>

**COMES NOW PLAINTIFF**, DANIEL L. DUMONDE, a citizen of one of the United States, by and through himself , and in the above referenced matter **Moves For Preliminary Injunction** pursuant to **RULE 65**, Federal Rules of Civil Procedure, on the grounds of <u>Manifest Injustice</u>, and specifically as follows:

(1.) PLAINTIFF ASSERTS THAT THERE EXISTS <u>NO LAWFUL AUTHORITY</u>-FOR HIS CURRENT UNJUSTIFIED AND UNAUTHORIZED IMPRISONMENT AT F.P.C. MAXWELL AIR FORCE BASE, MONTGOMERY, ALABAMA, 36112.

(2.) THAT PLAINTIFF WAS RUTHLESSLY AND UNCONSTITUTIONALLY <u>SEIZED-IN AN UNBROKEN CHAIN OF STATE TO FEDERAL CUSTODY</u>, WHERE <u>PROOFS-POSITIVE</u> SHOW PLAINTIFF IS THE VICTIM OF SERIOUS MALFEASANCE,-

(PAGE ONE)

-IN CLEAR VIOLATION OF THE FOURTH, FIFTH, FOURTEENTH AND EIGHTH-AMENDMENTS, UNITED STATES CONSTITUTION, THAT DID CAUSE, AND CONTINUES TO CAUSE THE PLAINTIFF,-<u>SEVERE MENTAL, EMOTIONAL, PHYSICAL AND PSYCHOLOGICAL PAIN AND DISTRESS</u>.

Plaintiff states that the following facts are not subject to reasonable Dispute, readily determinable to a certainty. Because the facts cannot be reasonably argued differently, the Relief sought cannot adversely affect any defendant or Notified Party, except that after this Official notification, should Relief Not Be granted, a contingent, primary, joint and several **liability shall attach to Parties Notified**, who are not parties per se and not previously named defendants.

Moreover, The relief sought is in the interest of Justice, Mandatory according to the Laws of The United States and The Provisions, Protections and Guarantees of The United States Constitution, and this Motion is Futher made as an <u>EMERGENCY--MOTION</u> as irreperable injury has occurred already, and to prevent further and even more serious injury, emotional. physical, financial and psychological damages, the result of the instant R.I.C.O. Conspiracy, Plaintiff verifies the facts specifically warranting Relief by Injunction, by the following <u>AFFIDAVIT</u>:

PLAINTIFF DEPOSES AND AVERS THE FOLLOWING <u>PROOFS POSITIVE</u>, - TO-WIT:

(1) Plaintiff was <u>SEIZED FROM HIS HOME</u> in Bessemer, Alabama, OCT.23,2003, by Jefferson County, Alabama Sheriff's Dept. personnel, claiming to Arrest Plaintiff on charge of "Theft by deception, 1st degree.

(PAGE TWO)

(2) That Plaintiff was a <u>Legally Declared Medically Disabled</u> Person at the time of that SEIZURE AND FORCIBLE ABDUCTION on Oct 23, 2003, and <u>Remains Permanently Disabled</u>.

(3.) Plaintiff was <u>committed to The Jefferson County, Alabama - JAIL</u>, and his abductors <u>Demanded $100,000</u> For his Freedom, and this amount appears in a document purporting to be a State of Alabama Arrest Warrant, and contains the name of <u>SGT.V.W. TICE</u>. (SEE ATTACHED, <u>EXHIBIT-"G"</u>, ARREST DOCUMENT)

(4.) A PROBABLE CAUSE AFFIDAVIT, in support of the Exhibit-"G" purports to contain Probable Cause of a crime committed by this Plaintiff, as supposedly SWORN by victim, Ms. <u>BOBBIE JACKSON</u>. (SEE ATTACHED, <u>EXHIBIT-"J"</u>, PROBABLE CAUSE AFFIDAVIT)

(5.) THAT PLAINTIFF FILED A STATE HABEAS CORPUS, claiming an <u>ILLEGAL ARREST</u>, April, 2003, from the County Jail, which went <u>UNANSWERED AND UNRETURNED BY DISTRICT ATTORNEY OR ANY OTHER PERSON</u> OR OFFICIAL.

(6.) THAT PLAINTIFF, AS STATE DETAINEE, THEN <u>APPEALED THAT HABEAS CORPUS</u>, EX-PARTE, for the State's Failure to Answer or Prove The Arrest lawful, directly to the ALABAMA COURT OF APPEALS, as he remained in the County Jail.

(7.) THAT THE <u>FEDERAL GOVERNMENT THEN SEIZED PLAINTIFF FROM THE COUNTY JAIL</u>, ON THE EXACT SAME SET OF FACTS, WITHOUT ANY INTERIM LAPSE OF STATE TO FEDERAL CUSTODY, INDICTED PLAINTIFF-<u>APRIL 30,2004</u> AND <u>COMMENCED FEDERAL PROCEEDINGS TO THE SAME FACTS WHILE THOSE FACTS WERE BEING SIMULTANEOUSLY CONTESTED-AS AN ILLEGAL ARREST, and on EX-PARTE APPEAL</u>.

(8.) THAT THE FEDERAL INTERVENTION WHILE THE FACTS WERE CONTESTED AS ILLEGAL AND THEN ON **APPEAL**, CAUSED THE ALABAMA COURT OF CRIMINAL APPEALS TO <u>DISMISS</u> THE EX-PARTE APPEAL, <u>WITHOUT DISPOSING OF THE ISSUE OF ILLEGAL ARREST</u>, and without any explanation. (<u>EXHIBIT DOC.3</u>, Alabama Court of Appeals Document, MAY 19,2004)

(9.) THAT THE STATE DOCUMENTS PURPORTING TO BE "ARREST WARRANT" AND "PROBABLE CAUSE" AFFIDAVIT, <u>WERE ENTERED ON THE RECORD OF THE UNITED STATES DISTRICT COURT</u>, AT BIRMINGHAM, ALABAMA, SEPT.9,2004, AND <u>REPRESENTED AS LEGITIMATE CAUSE FOR STATE ARREST AND FEDERAL SEIZURE OF SAME FACTS AND THE CONDUCTING OF THE FEDERAL TRIAL IN CASE NO. CR-04-B-0176-S</u>, by The Assistant U.S. Attorney. (<u>EXHIBIT-RECORD PAGE 8</u>, SEPT. 9,2004, U.S. Dist. Court)

(10.) THAT THE VICTIM AND <u>ONLY AFFIANT</u>, **MS. BOBBIE JACKSON**, was presented **COPY OF THE** SAME DOCUMENTS ENTERED ON THE RECORD BY THE -A.U.S.A., (<u>EXHIBITS "G" &"J"</u>), which bears her <u>Sworn Oath or Affirmation</u> and <u>this Plaintiff's vital Information</u>, and States Probable Cause for this Plaintiff's Arrest, contains the <u>EXHBIT-"G"</u> Document's same purported **FILE NUMBER-<u>418453</u>**, and <u>$100,000</u> Demand.

(11.) That on **Cross-Examination** in open Court at this Plaintiff's Federal Trial on the Same State Facts, **Victim and Affiant, Bobbie Jackson**, was asked, if she "Appeared in front of a Judge or Magistrate to sign the Probable Cause,(EXHIBIT-"J") AFFIDAVIT, and she replied-<u>"NOT TO MY KNOWLEDGE, I WASN'T"</u>.
(<u>EXHIBIT-RECORD PAGE 98</u>, SEPT.13,2004), <u>CR-04-B-0176-S</u>.

(PAGE FOUR)

(12.) AFFAINT WAS ASKED IF, SHE HAD EVER SEEN THIS (THEN "DEFENDANT) BEFORE, TO WHICH SHE REPLIED-"NO". (ATTCHED EXHIBIT, RECORD PAGE 96, LINES 18-19, SEPT.13,2004)

(13.) AFFIANT AND VICTIM JACKSON WAS ASKED BY THE COURT IF SHE-HAD "ANY PERSONAL KNOWLEDGE OF (HER) DEALINGS THAT THIS-(PLAINTIFF) WAS INVOLVED, and AFFIANT JACKSON RESPONDED""OH,NO,-HUH-UH". and -"I JUST GOT IT ALL FROM AUTHORITIES". (ATTCHED EXHIBIT, RECORD PAGE 100, LINES 21-25, SEPT.13,2004.)

(14.) THE SWORN PROBABLE CAUSE AFFIDAVIT, (EXHIBIT-"J"), OF BOBBIE JACKSON SWEARS: "SUSPECT CAME TO MY HOME", SAID HE WAS PAUL MOORE'S SON, PRESENTED ME WITH A COUNTERFEIT CASHIERS CHECK IN EXCHANGE FOR MY DIAMIND RING", ETC.

(15.) AFFIANT AND VICTIM WAS ASKED, IF, AS HER "SWORN" PROBABLE CAUSE AFFIDAVIT SAYS, THIS PLAINTIFF EVER-"CAME UP TO HER HOUSE", and JACKSON REPLIED: "YOU NEVER CAME TO MY HOUSE". (ATTACHED EXHIBIT RECORD PAGE 102, LINES 8-10, SEPT.13,2004)

(16.) THE SIMPLE LANGUAGE OF THE FUNDAMENTAL LAW OF THE FOURTH AMENDMENT STATES IN RELEVANT PART: "NO WARRANTS SHALL ISSUE, BUT UPON PROBABLE CAUSE, SUPPORTED BY OATH AND AFFIRMATION, PARTICULARLY DESCRIBING,...,...,THE PERSONS...TO BE SEIZED.

(17.) PLAINTIFF WROTE TO THE CLERK OF THE JEFFERSON COUNTY, REQUESTING CERTFIED COPIES AS ON FILE IN THE CLERK'S OFFICE, OF EXHIBITS "G" AND "J","Arrest Warrant No. 418453, and it's Probable Cause Affidavit, (Exhibit-"J").

(PAGE FIVE)

(18.) THAT THE CLERK, ANNE MARIE ADAMS, RESPONDED BY STATING <u>NO ARREST RECORD IS IN THE CLERK'S FILE</u>. "NOT IN THE CLERK'S FILE- ARREST RECORD".

(SEE ATTACHED <u>EXHIBIT "L"</u>, CLERK'S LETTER, <u>OCT.31,2005</u>)

(19.) PLAINTIFF CLAIMS THAT AS THE "ARREST WARRANT" AND PROBABLE CAUSE AFFIDAVIT ARE <u>A FICTION OF LAW</u>, AND WERE MANUFACTURED BY COUNTY SHERIFF'S SGT. V.W. TICE,et.al., <u>WITHOUT ANY JUDICIAL AUTHORITY</u>, <u>CONTAIN A DEMAND FOR $100,000</u>, AND SAME WERE USED TO AS LAWFUL AUTHORITY TO FORCIBLY ABDUCT PLAINTIFF <u>FROM HIS HOME</u>, AND AS THE <u>FEDERAL GOVERNMENT ACTED WITH THESE SAME INSTRUMENTS AS AUTHORITY TO ALSO SEIZE, THEN CONDUCT A FEDERAL TRIAL</u>, THAT PLAINTIFF'S SEIZURE CONSTITUTED A <u>FEDERAL CRIME OF KIDNAPPING</u>, AND <u>PERSONAL JURISDICTION OF PLAINTIFF ON THE BASIS OF THESE UNRECORDED INSTRUMENTS CONTAINING FALSE AND PERJURED PROBABLE CAUSE</u>, WAS <u>NEVER HAD</u>, THERE WAS NOT LAWFUL AUTHORITY TO CONDUCT ANY TRIAL, THERE IS NOT NOW LAWFUL AUTHORITY TO HOLD PLAINTIFF PRISONER.

(20.) PLAINTIFF SUBMITTED THE SAME DOCUMENTS TO <u>J.MATT BLEDSOE</u>, -Assistant Attorney General for The State of Alabama, and claimed his agents, SGT V.W. TICE, et,al, whose name appears on the unrecorded EXHIBITS "G"&"J", <u>KIDNAPPED PLAINTIFF ON THESE SAME FACTS WHILE USING THESE SAME INSTRUMENTS</u>.

(21.) <u>J,MATT BLEDSOE</u>, <u>for THE STATE OF ALABAMA</u>, - responded to these same Instruments purporting to be Valid <u>State of Alabama Arrest Warrant and Probable Cause Affidavit</u>, and <u>DID NOT DENY PLAINTIFF WAS KIDNAPPED;</u> <u>PLED IMMUNITY;</u><u>PLED STATUTE OF-</u>

(PAGE SIX )

-OF LIMITATIONS, and <u>DID NOT DISPUTE THESE INSTRUMENTS ARE-</u> <u>-FICTITIOUS</u>; -AND-<u>DID NOT PRODUCE ANY OTHER LAWFUL PROCESS OR-OR-</u> <u>-ANY OTHER WARRANT</u>. (SEE ATTACHED, <u>DOC.4</u>, <u>PAGE 10</u>, RESPONSE OF ALABAMA ATTORNEY- -GENERAL OFFICE.)

IN CONCLUSION AND RELIEF,

PLAINTIFF SUBMITS ABOVE <u>PROOFS POSITIVE</u> THAT HIS CURRENT IMPRISONMENT, IN AN <u>UNBROKEN CHAIN OF CUSTODY</u> FROM THE <u>FORCIBLE ABDUCTION FROM HIS HOME WITH-</u> <u>-FICTITIOUS STATE OF ALABAMA INSTRUMENTS-TO FEDERAL</u> <u>CUSTODY ON THE VERY SAME FACTS</u>, THE RESULT OF R.I.C.O.- CONSPIRACY, IS <u>UNAUTHORIZED, UNJUSTIFIED,-AND</u> <u>UNCONSTITUTIONAL</u>, CANNOT BE REASONABLY ARGUED DIFFENTLY, AND IN THIS CASE, <u>WARRANTS IMMEDIATE GRANT OF INJUNCTION</u> <u>RESTRAINING BUREAU OF PRISONS</u> -&-DEFENDANTS, FROM FURTHER EGREGIOUS -INJURY TO PLAINTIFF.

PLAINTIFF MOVES THAT THIS COURT, AND THE SENATORS OF THE UNITED STATES , AS ARE BOUND BY <u>ARTICLE IV</u>, <u>CL.3</u>, AS ARE ALL EXECUTIVE AND JUDICIAL OFFICERS BOTH OF THE UNITED STATES AND THE SEVERAL STATES, TO SUPPORT THE ENFORCEMENT OF CONSTITUTION, WHERE IN THIS CASE, PLAINTIFF'S BASIC CONSTITUTIONAL RIGHTS EMBODIED IN THE FOURTH, FIFTH, FOURTEENTH AND EIGHTH AMENDMENT, HAVE BEEN RUTHLESSLY ABRIDGED, AND FORTHWITH GRANT PRELIMINARY INJUNCTION TO PLAINTIFF.

Above sworn under Penalty for Perjury, & 28 USC §1746
RESPECTFULLY SUBMITTED,

THIS /0 DAY OF JULY, 2007,

by- /s/ *[signature]*
DANIEL L. DUMONDE, PLAINTIFF

(SEVEN)

## PROOF OF SERVICE

That I, Daniel L. DuMonde, do hereby swear and affirm, that I have caused true copy of the foregoing Motion to be Served on the Parties below, Attorney for defendants, and the Parties, for purposes of this Motion, designated "Notified Parties". That sme has been placed in Mail Box of This Instituion, U.S. Postage Paid, and addressed to following:

**ATTORNEY FOR DEFENDANTS:**

-QUAN K. LUONG,
Special Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
**555 4th Street, N.W. ROOM E4417**
Washington, D.C., 20530

Harley G. Lappin, Director,
Federal Bureau of Prisons,
HOLC Building
**320 First Street, N.W.,**
Washington, D.C., 20534

Darlene Drew, WARDEN,
**F.P.C. MAXWELL AIR FORCE BASE,**
**MONTGOMERY, ALABAMA, 36112**

**SENATOR PATRICK J. LEAHY,**   433 SROB, WASHINGTON, D.C. 20510-4502
**SENATOR ARLEN SPECTER,**      335 SROB
**SENATOR CHARLES SCHUMER,**    313 SHOB
**SENATOR JOHN KYL,**           730 SHOB

SO SWORN, AND DONE, THIS _10_ DAY OF JULY, 2007,

By- /s/ Daniel L. DuMonde

**DANIEL L. DUMONDE,** PLAINTIFF, PRo-Se

**(PAGE EIGHT)**

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-03-1126

Ex parte Daniel Lafitte Dumonde   (In re: State of Alabama vs. Daniel Lafitte Dumonde) (Jefferson District Court: DC2003-12747).

## ORDER

Upon consideration of the above referenced Petition for Writ of Habeas Corpus, the Court of Criminal Appeals orders that said petition be and the same is hereby DISMISSED.

Done this the 19th day of May, 2004.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Robert G. Cahill, District Judge
    Hon. Anne-Marie Adams, District Clerk
    Daniel Lafitte Dumonde, Pro Se
    Hon. Troy King, Attorney General
    Hon. M. David Barber, District Attorney

EXHIBIT   DOC. 3.

*BY THE DATE, MAY 19, 2004
*SHOWS SAME FACTS WERE ON APPEAL BY HABEAS CORPUS
 AT SAME TIME OF FEDERAL USURPATION/INDICTMENT.

**D.    The Claims Against Defendants Are Barred by the Statute of Limitations.**

Although Mr. DuMonde's Complaint alleges defendants violated the RICO Act, his claims are essentially 42 U.S.C. section 1983 claims. To the extent that Mr. DuMonde's claims are advanced under § 1983, they are time barred by the statute of limitations. The statute of limitations for a section 1983 action in Alabama is two years. See <u>Eubank v. Leslie</u>, 2006 WL 3627005 (11th Cir. (Ala.)). Mr. DuMonde alleges in his complaint that on or about October 2002, he was kidnapped/arrested. [Court Doc. #1, p. 1.] Mr. DuMonde alleges that defendants conspired with others to kidnap him. [Court Doc. #1, p. 6.] The alleged conspiracy involving defendants, therefore, took place on or before October 2003. [Court Doc. #1, p. 1.] Mr. DuMonde filed this action on May 4, 2007, alleging that his constitutional rights were violated. More than three years have elapsed since the alleged kidnapping/arrest took place. The claim is barred by the statute of limitations.

**E.    Mr. DuMonde Failed to State a Claim against Defendants Upon Which Relief Can Be Granted.**

A federal court has held that a plaintiff must do more than allege conclusory facts based upon information and belief in order to support claims of conspiracy. See <u>Fullman v. Graddick</u>, 739 F.2d. 553, 559 (11th Cir. 1984) (holding that allegations based on "information and belief" were not enough to support claims that a prosecutor made false statements to the press and ordered and participated in a warrantless search of plaintiff's trash). The Alabama Supreme Court has found that conspiracy averments in a complaint must exceed bald speculation. <u>Ex parte Rendel</u>, 2006 WL 625835 (March 2, 2007). The plaintiff makes no specific allegations whatsoever in regard to defendants in this action. Mr. DuMonde's allegations regarding the defendants do not state a sufficient claim upon which relief can be granted.

10

EXHIBIT, DOC.4, STATE (AL) ATTY.GENERAL'S
RESPONSE TO KIDNAPPING
AND EXHBITS "G"&"J"
R.I.C.O #07-cv-0715-JR.

# DEPOSITION

INTAKE NO. 88961806

Date: 10/16/3
Issued: 10/19/3
Refused: _____
Referred: _____
Bond: 100,000
Magistrate: SLW
Judge

Personally appeared before me __BOBBIE D. JACKSON__
                                      (Affiant)
being by me first duly sworn, deposes and says:

On __8 25 2003   1230 PM__, at __AND 9 PM  3700 CHARLESTON LANE  BHAM AL__
      (date and time)                                  (location)

the following incident occurred: _Subject came to my home. Said he was Paul Moore's son. Presented me with a counterfeit cashiers check in exchange for my diamond ring – center stone 4½K & 2K on sides_

## SUSPECT INFORMATION

Name: __DUMONDE, DANIEL LAFITTE__   Race __W__   Sex __M__   DOB __3 31 1952__

Aliases/Description: __GOLDBERG, LENNY__   HAIR __BRO__   EYES __BLU__

Hgt __5__ ft __10__ in   Wgt __195__   Work: __DISABLED__

Res. Add: __324 WASHINGTON ST       BESSEMER AL        35020__

SS #: __077 68 7398__   FBI # __AL__   FPC #: _____

Prior Record? __YES__   Relation to Victim: _____

VICTIM  __JACKSON, BOBBIE D__                DOB __03021932__ RACE __W__ SEX __F__
        __3700 CHARLESTON LANE__
        __BHAM AL                35216__   HOME __402 2446__   WORK __243 0302__
                (name and address)
                                        Does victim have prior record? __NO__

OFFICER IN CHARGE OF CASE

TICE, V W         JCSO __03087658__                BADGE # _____
HOME __521 1571__  WORK __972 0462__  OCA __003087658__  ORI __AL0010000__
                    (name, jurisdiction, case no., phone no.)

OTHER

In custody? Yes ___  No __X__   If yes, where? __X__         AT LARGE
Is this case a Bham Bail Warrant? Yes ___ No ___   Has case been previously discussed with DA or Magistrate?
Yes ___ No ___   If yes, with whom? _____

OFFENSE: __THEFT 1__

_Magistrate signature_                         EXHIBIT J
                                               x _Bobbie D Jackson_
Magistrate                                              Affiant

*Bess.*

| STATE OF ALABAMA UNIFIED JUD. SYSTEM FORM DC-6J 7/89 | 20314092 | AFFIDAVIT / WARRANT | CASE NUMBER 03 12747 ID YR NUMBER |
|---|---|---|---|

IN THE DISTRICT COURT OF JEFFERSON COUNTY

THE STATE VS. DUMONDE, DANIEL LAFITTE    AGENCY: JEFF CTY SHERIFF    WARRANT NO. 23C
OCA: 003087658    JCID NO. 418453 / 178493

**SHERIFF'S INFORMATION:**
SEX MALE   EYE BLUE   SKIN   NEAR 51 YEARS OLD
RACE WHITE   HAIR BROWN   WEIGHT ABOUT 195 LBS.   DOB ABOUT 3/31/1952
HEIGHT ABOUT 5 FEET 10 INCHES   SSN 077687398

ADDRESS: 324 WASHINGTON ST   1829 13th AVE N   EMPLOYER: DISABLED
BESSEMER AL 35020   Bess 35020

REMARKS: AKA   GOLDBERG, LENNY   SPENCER, DANIEL
FITTER, MARSHALL   JACKSON, CURTIS

1824 13th ST N, Bess 35020

**COMPLAINT:**
PERSONALLY APPEARED BEFORE THE UNDERSIGNED AS MAGISTRATE/JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY, IN AND FOR SAID COUNTY    JACKSON, BOBBIE D    WHO BEING DULY SWORN, SAYS THAT DUMONDE, DANIEL LAFITTE    WHOSE NAME IS OTHERWISE UNKNOWN TO AFFIANT, IN SAID COUNTY, DID KNOWINGLY OBTAIN OR EXERT UNAUTHORIZED CONTROL OVER, BY DECEPTION, 1 DIAMOND RING $25,050.00

THE PROPERTY OF    BOBBIE D JACKSON
WITH THE INTENT TO DEPRIVE THE OWNER OF SAID PROPERTY, IN VIOLATION OF SECTION 13A-8-3 OF THE ALABAMA CRIMINAL CODE

[Stamp: COMMITTED TO JAIL OCT 23 2003 MIKE HALE SHERIFF]

AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA. SUBSCRIBED AND SWORN TO BEFORE ME THIS 16 DAY OF OCTOBER 2003

MAGISTRATE/JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY    AFFIANT: Bobbie D Jackson

ANY LAWFUL OFFICER OF SAID STATE,
YOU ARE HEREBY COMMANDED TO ARREST    DUMONDE, DANIEL LAFITTE    AND BRING HIM OR HER BEFORE THE JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY, AT THE PRESENT TERM OF SAID COURT, TO ANSWER THE STATE OF ALABAMA ON A CHARGE OF    THEFT OF PROPERTY FIRST DEGREE (DECEPTION OVER $2500)
PREFERRED BY    JACKSON, BOBBIE D    WITNESS MY HAND THIS 16 DAY OF OCTOBER 2003

OFFENSE CODE    23990112

THE OFFICER ARRESTING MAY ADMIT THE DEFENDANT TO BAIL UPON HIS OR HER ENTERING INTO BOND IN THE SUM OF $100,000 DOLLARS WITH TWO GOOD SECURITIES APPROVED BY SAID OFFICER.

**COMMENTS:**
AT LARGE; BOND JUDGE WATKINS    MAHON    /CGDK    88961806
TICE, V W    JCSO    03087658    00000

RECEIPT    EXECUTION

Received In Office:    Executed by Arresting the Within Named Defendant and
☐ Committed To Jail    ☐ Released on Bond Date: _____

*EXHIBIT "G"*

**ANNE-MARIE ADAMS, CLERK**
Jefferson County Circuit Court, Criminal Division
Room 901 Mel Bailey Justice Center
801 Richard Arrington, Jr., Boulevard, North
Birmingham, Al 35203

Date:   10/31/05

To:   Daniel L Dumonde

Dear Sir:

\*\*
Enclosed are the documents you requested.

These documents are not in the clerk's file: Arrest Record, Forensic Report, Investigative reports, officer or witness lists or statements, court reporter trial transcripts, notice of intent to enhance as HFOA per statute, sentence colloquy, search warrants or PSI (probation) reports.

Sincerely,

*Anne-Marie Adams*

Anne-Marie Adams, Clerk
Circuit Criminal Court, Jefferson County



\*\*      <u>CLERK'S LETTER-HABEAS EXHIBIT-"L"</u>.
<u>PLAINTIFF'S NOTE</u>: ENCLOSED WITH THIS LETTER WAS A "DOCKET SUMMAI FOR ALA CASE #DC-03-12747-<u>SHOWING NO "ISSUANCE OR RETURN"OF ANY- ARREST WARRNT OR COMPLAINT</u>. Letter was sent in response to Request for certified copies of <u>EXHIBITS-"J"AND "G"</u>.

8

1  department colluded to plant certain evidence and there is
2  actually a trail that would show that, in all due respect, Your
3  Honor.
4       MR. FELTON: Could I put this on the record? That we
5  have Mr. Dumonde's trial exhibit notebook which has all the
6  exhibits in the case, as well as the grand jury testimony of
7  the co-defendant, of Jencks material that I would provide to
8  him, as well as the trial memorandum and the deposition sheet
9  that we were finally able to acquire.
10      THE COURT: The deposition sheet?
11      MR. FELTON: The affidavit for his felony arrest
12 warrant.
13      THE COURT: Right. Right.
14      MR. FELTON: I just wanted to make sure he has that
15 for the record.
16      Secondly, Your Honor, in response to Mr. Dumonde,
17 there is conclusory evidence that letters were sent by
18 Mr. Dumonde to Frances Watts, there is three letters that were
19 sent by him from the jail to her, and she received them, she
20 knows his handwriting. Those letters purport to tell her what
21 she is supposed to do at the home, what she is supposed to do
22 with the keys to the house, how she is supposed to feed the
23 dog, what she is supposed to do. She was also told that she
24 was about to be evicted and to get some material out.
25      THE COURT: Let me stop you. He is entitled to show

R-PAGE 8, Case No. CR-04-B-0176-S
SUPPRESSION HEARING, SEPT.9, 2004. (ND AL).
A.U.S.A-ENTERING FICTIITOUS PROBABLE CAUSE AFFIDAVIT, EXHIBIT-"J"

```
 1  actually the ring, if it were in a nice jewelry store
 2  somewhere, would sell for between thirty and thirty-five
 3  thousand at that time.
 4  Q.   And is that ring very distinguishable?
 5  A.   Yes, because of the color.  It's an argyle diamond from
 6  Europe, and there's only one mine in Italy that mines these
 7  diamonds.  And it's listed in a book that's in the jeweler's --
 8  Ron Redding, who was the appraiser, had the book that this ring
 9  was numbered and listed in -- this diamond was numbered and
10  listed in.
11          MR. FELTON:  I believe that's all I have at this
12  time, Your Honor.
13          THE COURT:  All right.
14                       CROSS-EXAMINATION
15  BY DEFENDANT DUMONDE:
16  Q.   How are you doing, ma'am?
17  A.   How do you do?
18  Q.   Okay.  Have you ever seen me before, ma'am?
19  A.   No.
20  Q.   You had said that -- you had said that Daniel Lafitte
21  Dumonde had called you.  Now, you don't know who the person
22  was that called you pretending to be the father?  You had
23  never met him?
24  A.   I never met him in person, no, sir.
25  Q.   But he spoke to you on the phone?
```

TESTIMONY OF BOBBIE JACKSON, SEPT.13, 2004
- AFFIANT OF EXHIBITS "G" & "J" Warrant & Probable Cause Affidavit
U.S. DISTRICT COURT, (ND AL), CASE Cr-04-B-0176-S

1  statement? I assume this was Detective Tice; is that
2  correct?
3  A.  Detective Tice was -- Sergeant Tice was the one that did
4  all of the research on it and had it for me to sign.
5  Q.  I see. So it was pre-typed in when you signed it or --
6  A.  I don't know whether it was pre-typed in or not, because
7  that's writing, that's my handwriting.
8  Q.  Yes, ma'am. Did you appear in front of a magistrate or
9  a judge to sign this, in front of a magistrate or a judge?
10 A.  I don't know. I signed several papers, and I don't know
11 whether that was before one or not. Not to my knowledge, I
12 wasn't.
13 Q.  Not to your knowledge. It has a magistrate's signature
14 on it is the reason I asked.
15 A.  Yes.
16 Q.  There's also -- I believe that's your signature. You
17 can tell me.
18 A.  Yes, that's my signature.
19 Q.  Yes, ma'am. Did you appear in front of a magistrate or
20 judge and give that oath?
21 A.  Yes, I did.
22 Q.  You did. That was on the 16th of December?
23 A.  It wasn't December.
24 Q.  Excuse me. October 16th, 2003.
25 A.  Yeah. That's when we went to court the first time.

TESTIMONY OF BOBBIE JACKSON, SEPT.13,2004

```
 1  warrant?
 2          THE COURT: No, sir.
 3          DEFENDANT DUMONDE: I mean, swearing to something on
 4  a person that you don't know.
 5          THE COURT: Did you learn at some point that there
 6  was information that the defendant might be involved in this,
 7  that Mr. Dumonde might be involved in this?
 8          THE WITNESS: Yes, ma'am, I did. I learned through
 9  Sergeant Logan -- through Lieutenant Logan and Sergeant Tice,
10  who had done all the research on this, and found who he was and
11  where he was and where he lived and where he was located.
12          And then I gave a description -- I drew a description
13  of the young man, but I had never seen him before until I saw
14  his picture that they had.
15          THE COURT: All right.
16  Q.  (By Defendant Dumonde) So you couldn't honestly
17  testify and say that I knowingly obtained anything from you?
18          MR. FELTON: I object, Your Honor.
19          THE COURT: Overruled.
20  A.  I don't understand what you're asking me.
21          THE COURT: Do you have any personal knowledge of
22  your dealings that this man was involved? That's the question.
23          THE WITNESS: Oh, no, huh-uh.
24          THE COURT: All right. Go ahead.
25          THE WITNESS: I just got it all from authorities.
```

TESTIMONY OF <u>BOBBIE JACKSON</u>, SEPT.13,2004
-AFFIANT OF <u>EXHIBITS "G"&"J"</u>, Warrnt & Probable Cause Affidavit
   U.S. DISTRICT COURT, (ND AL), CASE:<u>Cr-04-B-0176-S</u>

1    DEFENDANT DUMONDE:  Okay.  Thank you.
2    Q.  So, ma'am, can you truthfully say that I am the person
3    that called you at any given time?
4    A.  No, sir, I can't say that.
5    Q.  And you've never seen me before?
6    A.  Not until I saw you in jail, not until I saw you when we
7    were in court.
8    Q.  So I've never come up to your house; and, to your
9    knowledge, I've never defrauded you in anyway?
10   A.  You never came to my house.
11   Q.  But to your knowledge --
12       THE COURT:  She's answered the question.
13       DEFENDANT DUMONDE:  Okay.  Okay.  Let me see if
14   there's anything I left out.  Bear with me one minute.
15                      (Brief pause)
16   Q.  Oh, yes.  The man that you have identified as coming to
17   your house, the young man, at the time he came and exchanged
18   the check for your diamond ring, what type of car was he
19   driving?  You said you had seen it, I believe.
20   A.  It was an older car.  It was dark, and I could not tell,
21   but it was an older, darker car.
22   Q.  It was an older, darker car.  And did he get in on the
23   passenger side?
24   A.  He got -- the best I could tell, he got in on the driver's
25   side.  I did not know.  I could not see.  I didn't even have